<div style="margin-note">
EASTERN DIST.
*February,* 1838.

TRAVERSO ET AL.
*vs.*
ROW.

count than the interest allowed by law, is not usurious or illegal, as between the holder and the endorsers, when it is transferred by delivery without endorsement.
</div>

———

## TRAVERSO ET AL. *vs.* ROW.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST FELICIANA.

In making partitions, the probate judge, acting in his capacity of notary, is the ministerial officer of the court.

The certificate of the notary, that the defendant refuses to produce certain slaves, ordered to be partitioned by a judgment of the Court of Probates, places him in the situation of a defendant in the ordinary courts, who refuses to comply with its judgment, ordering him *to do*, or *refrain from doing*, something specified. On this evidence a writ of *distringas* will issue, to compel a compliance.

A party may protest against a partition before the notary, and require him to refer the matter to the judge, provided, the objection is grounded on something that may properly be referred, such as an objection to the *mode* of proceeding, but not that the judgment of partition was erroneous or improper.

An *absolute*, and not a qualified writ of *distringas*, will issue, when it is shown that the defendant refuses to comply with the judgment of the court.

The plaintiffs in this case obtained a judgment of partition of the estates of Margaret Coleman and John Row, Senr., from which an appeal was taken and dismissed for irregularity in the proceedings. See 10, *Louisiana Reports*, 500.

On the return of the case to the Court of Probates, the judgment being affirmed, in effect, by the dismissal, the judge of probates, in his capacity of notary, was proceeding to the partition under said judgment, when he was stopped by the defendant, Jacob A. Row, who protested against the proceedings, and refused to deliver up certain slaves ordered to be partaken among the parties.

The protest of the defendant was made against the judgment ordering the partition, setting out various nullities and errors therein. This judgment had, however, been affirmed, in effect, by the dismissal of the appeal from it in the Supreme Court. The protest and refusal of the defendant was returned by the parish judge, acting as notary, and referred to the Court of Probates.

The counsel for the plaintiffs moved the court for a writ of *distringas*, to compel a compliance with the decree of the Court of Probates.

This was opposed by the defendant on various grounds, and again setting up the nullities and defects in the original judgment.

The judge of Probates granted the *distringas*, ordering the sheriff to proceed, with the notary, to the house of the defendant, to make an inventory of the slaves mentioned in the decree, and in case of refusal on the part of the defendant, to *distrain* all the property, movable and immovable, until he shall comply with the decree of the court. The defendant appealed.

*Paterson*, for the plaintiff, demanded from the court an absolute writ of *distringas* in this case. He contended that the defendant showed no cause or ground on which to sustain his protest and opposition. His objections go to the correctness of the decree of the Probate Court, which became final by the dismissal of the appeal.

2. A writ of *distringas* is the proper remedy in a case like this. The matters referred to the Probate Court by the notary, and contained in the protest of the defendant, have been already decided in the decree now sought to be executed. A writ of *distringas* can be granted, on motion in open court. *Code of Practice,* 130, 636, 1028, 1037, 1058.

*Boyle and Johnson,* for the defendant, contended that there was no judgment in this case which authorized the issuing a *distringas.* There has been no demand by the sheriff and refusal by the party to do or refrain from doing something especially ordered. *Code of Practice, article* 636.

2. The article 1012 of the Code of Practice, relied on, applies to tutors and curators of minors who refuse to render an account of their administration. This provision cannot aid the plaintiffs in obtaining a *distringas.*

3. The defendant had a right to raise an issue in this case, and it was the duty of the notary to suspend proceedings and refer the contested matters to the judge for decision. *Louisiana Code,* 1290. *Code of Practice,* 1027–8.

4. The defendant had a right to his objections, whether they were well founded in law or not. They were referred to the judge and his decision, or interlocutory judgment works an irreparable injury, which entitles the defendant to a hearing on the merits in an appeal. The appeal was properly allowed. *Code of Practice,* 566.

5. The judgment in this case was only one of partition generally, and not requiring the defendant to do any specific act. Something specific must be ordered and refused before a *distringas* can issue. 3 *Blackstone's Commentaries,* 413.

*Martin, J.,* delivered the opinion of the court.

In pursuance of a judgment of the Court of Probates, affirmed in this court by admissal of the appeal, (10 *Louisiana Reports,* 500,) the judge of the parish of West Feliciana, in his capacity of notary public, proceeded to a partition of the estates of Margaret Coleman and John Row, sen., deceased. Jacob A. Row, one of the defendants, protested against the

partition, and objected to any further proceedings in the premises on the following grounds: 1st, That some of the claimants are minors, and no family meeting has been con- vened for deliberating on the mode of making a partition, and that he knew of no estates such as those to be partitioned. Whereupon (the said Jacob A. Row, refusing to produce the property to be partitioned) he suspended the proceedings, and closed his *procés verbal* of partition.

Afterwards, the plaintiff's counsel, in the Court of Probates, on filing the *procés verbal* of partition, and the protest of Jacob A. Row, moved for a writ of *distringas* against him. The court, after hearing the parties, ordered a writ of *distringas* to issue as prayed for, and that the sheriff accompany the notary to the house of the defendant, where he is to take the inventory, and proceed to the partition; and if said defendant shall refuse or neglect to comply with the decree of this court for the partition, the sheriff shall distrain all his property until he comply with the decree of the court. The defendant appealed.

The plaintiff and appellee has prayed, that the judgment of the court be so amended, as that an absolute writ of *distringas* be immediately issued.

The *procés verbal* of the notary, states the refusal of the defendant and appellant, to produce certain slaves which were to be partitioned. This, in our opinion, authorized the issuing of the writ of *distringas*.

The Code of Practice provides, that " when the judgment orders, not the delivering, but the doing or refraining from something specified in it, if the party condemned, on demand made by the sheriff that he shall comply with it, refuse or neglect to do so, and this refusal or neglect appear by a certificate of the sheriff, the party in whose favor the judgment was rendered, may obtain, on motion, an order to distrain all the property, movable or immovable, of the party who is in default, until he shall have fully satisfied the judgment." *Code of Practice, article* 636.

The power to issue this writ, is given to the Court of Probates, in article 1058.

In making partitions, the probate judge, acting in his capacity of notary, is the ministerial officer of the court.

EASTERN DIST.
*February*, 1838.

TRAVERSO ET AL.
*vs.*
ROW.

The certificate of the notary, that the defendant refuses to produce certain slaves ordered to be partitioned by a judgment of the Court of Probates, places him in the situation of a defendant in the ordinary courts, who refuses to comply with its judgment, ordering him *to do*, or *refrain from doing* something specified. On this evidence, a writ of *distringas* will issue to compel a compliance.

A party may protest against a partition before the notary, and require him to refer the matter to the judge, provided the objection is grounded on something that may properly be referred, such as an objection to the *mode* of proceeding, but not that the judgment of partition was erroneous or improper.

An *absolute* and not a qualified writ of *distringas* will issue, when it is shown that the defendant refuses to comply with the judgment of the court.

Our learned brother correctly observes, that in partitions, the notary is the ministerial officer of the court. His certificate of the refusal of the defendant to produce the slaves, which, according to a judgment obtained by the plaintiff against him, were to be partitioned between them, *id est*, to comply with that part of the judgment, which it was his duty to perform, by producing the slaves for appraisement, placed him in the situation of a defendant in the ordinary courts, who refused to comply with a judgment, ordering him to do, or refrain from doing, something specified in it; and his compliance was, therefore, to be enforced by a writ of *distringas*.

The *procés verbal* informs us, that the defendant required the notary to insert therein, that he protested against the partition, and objected to any further proceedings in the premises, to record the grounds of his opposition, and refer them to the judge of probates. The notary, accordingly, desisted from further proceedings.

It is true, that the officer would have been bound to do so, if the objection had been grounded on something that might have been properly referred to the judge, *id est*, something relating to the mode of proceeding in the partition. But the grounds of the defendant's opposition was a matter which could not properly be referred to the judge, as it tended to show, that the judgment of partition ought not to have been rendered. This judgment had been brought up to this court to be reviewed, and the appeal had been dismissed. The Court of Probates had no power to re-open it, and its authority thereon was confined to its execution.

The protest and opposition of the defendant could not have authorized the notary in suspending his proceeding in the partition, if the slaves had been produced, and the Court of Probates correctly disregarded them.

It is, therefore, ordered, adjudged and decreed, that the order of the Court of Probates for a qualified writ of *distringas* be set aside, and it is ordered that an absolute one do issue; that the defendant and appellant pay the costs of the appeal.