WILLIAM STEWART *v.* SARAH PICKARD and others.

A notary, commissioned by the judge of the Court of Probates to make the partition of community property, is the ministerial officer of the court; and on his certificate of a refusal by the party in custody of the property to produce the same, a distringas may be issued to enforce a compliance.

Errors or irregularities, in a partition of community property made under the authority of a Court of Probates, may be corrected by opposition to the homologation of the partition.

APPEAL from the Court of Probates of East Feliciana, *Saunders*, J.

*J. P. Bullard*, and *Boyle.* for the appellant.

*Muse*, and *Lawson*, for the defendants.

MORPHY, J. The plaintiff having brought an action to obtain a

partition, in kind, of the community property held in common be-
tween himself and the heirs of his deceased wife, Sarah Pickard,
her daughter, and her grand-children, represented by their natural
tutrix, Sarah S. Stewart. The whole of the property was parti-
tioned between them, with the *exception of the slaves*, under a
decree of the Court of Probates, of the 21st of August, 1839.
Some time afterwards, on the 25th of January, 1840, Sarah Pickard
moved the court to fix a day for the completion of the partition, and
to notify the parties thereof. The Probate judge accordingly gave
notice to the plaintiff and the defendants, that on the 17th of Feb-
ruary, 1840, he would attend at the house of William Stewart, for
the purpose of completing the partition, pursuant to the decree of
the court in the premises. On the appointed day, the judge did not
attend in person, but commissioned a notary public to make the par-
tition. The notary repaired to the plaintiff's house, but the latter
refused to produce the slaves to be partitioned, which were in his
possession, saying that the partition could not be made. The notary
thereupon drew up a *procès-verbal*, setting forth his demand of the
property to be partitioned, and the plaintiff's refusal to produce the
same. Afterwards, Sarah Pickard, aided and assisted by Alexan-
der Pickard, with whom she had intermarried, filed in the Court of
Probates the *procès-verbal* of the notary, showing the refusal of
Stewart to surrender the property not partitioned, and moved for a
rule on the plaintiff to show cause why a writ of distringas should
not be issued to the sheriff, ordering him to distrain the mova-
ble and immovable property of the said William Stewart, and to
detain the same until he should comply with the order of the court.
The rule was issued, and the plaintiff having failed to appear, or to
make any showing in relation to his refusal to comply with the
order of the court, a judgment by default was taken, which was
some time after confirmed. A new trial having then been asked
for and refused, the plaintiff appealed.

It is difficult to distinguish this case from that of *Traverso et al.*
v. *Row*, reported in 11 La., 494. We said in that case, 'that in
partitions, the notary is the ministerial officer of the court. His
certificate of the refusal of the defendant to produce the slaves
which, according to a judgment obtained by the plaintiff against
him, were to be partitioned between them, *id est*, to comply with

that part of the judgment which it was his duty to perform, by producing the slaves for appraisement, placed him in the situation of a defendant in the ordinary courts, who refused to comply with a judgment, ordering him to do, or refrain from doing something specified in it; and his compliance was therefore to be enforced by a writ of distringas.' The grounds set forth in the plaintiff's motion for a new trial, and which have been relied on in this court, have failed to convince us that there is error in the decree complained of. The mode of making the petition had been determined in the judgment, which ordered it to be made as prayed for by the plaintiff, to wit, in kind. If more than twelve months had elapsed since the date of the last inventory, we are not to presume that the notary appointed to make the partition would have failed to have a new appraisement of the slaves made, which was the very first step to be taken; but this he could not do, unless they were produced for the purpose. As to the claims and contestations which may arise as the partition progresses before the notary, the law points out the manner in which the opinion of the judge, before whom the action is pending, can be obtained. Civ. Code, art. 1290. And if any errors or irregularities are supposed to exist in the proceedings, they can be taken advantage of by way of opposition to the homologation of the partition. Civ. Code, art. 1297.

*Judgment affirmed.*