Mary P. McCollum and Husband v. Adam Palmer and others.

An appeal will lie from the judgment of a Court of Probates ordering the partition of the property of a succession, where the judgment does not direct in what manner the petition is to be made, nor appoints any notary to make it. Such a judgment may be appealed from as a final one, because no further proceedings can take place under it.

The judge of the Court of Probates in ordering the partition of the property of a succession, is expressly required by art. 1027 of the Code of Practice, and art. 1267 of the Civil Code, to direct the manner in which it shall be made, and to appoint a notary to make it.

Appeal from the Probate Court of East Feliciana, Saunders, J.

Lyons, for the plaintiffs, praying for the dismissal of the appeal, on the ground that the judgment, from which it was taken, was not final, cited Stokes v. Stokes, 6 Mart., N. S., 350.

*J. P. Bullard* and *Andrews*, for the appellant, contended that the case cited by the counsel for the appellees, was overruled by *Traverso et al.* v. *Row*, 11 La., 494.

MARTIN, J. The plaintiff, Mary P. McCollum, one of the heirs of Sarah A. Palmer, her mother, instituted this suit against the surviving husband of the latter, alleging that the deceased left four other children, all of whom have arrived at the age of majority, or are emancipated, and four others, still minors, and the wards of the surviving husband; that on the dissolution of the community, which had existed between her mother and the said surviving husband, she became entitled to her part of the property of the community; and that an inventory was made, but that no partition has taken place. The petition concludes with a prayer that another inventory and a partition may be made, experts being first appointed, to ascertain whether the partition may be made in kind or otherwise; that the heirs of age, residing in the state, be personally cited, those under age by their tutor, and that a curator be appointed to one of the heirs of age, who resides out of the state. Citations were made accordingly. The surviving husband excepted to the jurisdiction of the court, pleaded the general issue, and averred that one half of the property of the community, which was inherited by the plaintiff Mary, and her co-heirs, being common to him and them, was legally adjudicated to him. Judgment by default was taken against the heirs cited. The Court of Probates decreed, that a partition should be made as prayed for. The husband appealed.

The dismissal of the appeal is prayed for, on the ground that the judgment is neither a final one, nor such an interlocutory one as occasions an irreparable injury, as either party aggrieved may be relieved by an appeal from the judgment homologating the partition to be afterwards rendered. It appears to us that the judgment is appealable from as a final one, because no farther proceedings can legally take place thereon; the judgment not directing, in what manner the partition is to be made, whether in kind, or by licitation, and no notary being appointed to make the partition. The plea to the jurisdiction not having been acted on below, we assume that it was waived.

On the merits, it appears to us that the judge erred, in failing to

order an inventory, to cause it to be legally ascertained whether the property may be conveniently divided in kind ; in omitting to decree, in what manner the partition should be made, *id est*, in kind, or by licitation ; and lastly, in failing to appoint a notary before whom the partition should be made. The Code of Practice, art. 1027, expressly requires the judge to direct the manner in which the partition shall be made, and to refer the parties to a notary whom he shall appoint to make the partition. The same provision is made in the Civil Code, art. 1267, which requires that when the judge has ordered the partition, and *regulated the manner in which it shall be made*, he shall refer the parties to a notary, *appointed by him*, to continue the judicial partition to be made between them. Ib., arts. 1261 and 1591.

It is therefore ordered, that the judgment be reversed, and the case remanded for further proceedings, according to law ; the costs of the appeal to be borne by the plaintiffs and appellees.