# ALEXANDRIA,

##### IN

# SEPTEMBER, 1852.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### JUDGES PRESENT.*

Hon. PIERRE ADOLPHE ROST, ⎫
Hon. THOMAS SLIDELL, ⎬ *Associate Justices.*
Hon. WILLIAM DUNBAR,† ⎭

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

### C. H. BLANCHARD *v.* HEIRS OF AMY BLANCHARD.

| 7 | 529 |
|---|---|
| 112 | 73 |

A motion to dismiss an appeal, on the ground that a judgment ordering a partition in kind is an interlocutory decree, will not be maintained. *By the Court:* We understand this to be a contestation as to the manner of effecting a partition; and that, as such, it must be determined by the court, before proceeding farther, under a provision of the code. Art. 1270. If the appellants had gone on with the partition and executed the decree by drawing lots, they could no longer be relieved by it.

It is not enough for the experts to state, generally, that in their opinion the land can be divided in kind; they must point out the manner in which the division is to be made, show the value of the land and buildings, and their nature, and state all the facts upon which their opinion is based.

APPEAL from the District Court of the Parish of Rapides, *Cushman*, J. *Elgee* and *Hyams*, for plaintiff. *Flint*, for defendants. By the court:

Rost, J. The plaintiff, who is one of the heirs of the late *Amy Blanchard*, sued for a partition of the lands and slaves belonging to her succession; and, on his motion, *Matthew J. Jones* and *John Kerley* were appointed experts to determine whether or not the property, belonging to the succession, could be divided in kind.

The experts reported as follows: "We report that the property of *Mrs. Amy Blanchard* can be divided in kind, without injury to the owners thereof."

The plaintiff and his brother, *Edward O. Blanchard*, opposed the homolo - gation of the report; and, on the trial of this opposition, a great deal of testimony was offered by them, for the purpose of showing that the property could not be

divided in kind, without inconvenience and serious injury to all or some of the heirs. The district judge overruled the opposition, and homologated the report. The parties making the opposition have appealed.

A motion has been made for the dismissal of the appeal, on the ground, that the judgment ordering a partition in kind, is an interlocutory decree, from which no appeal lies at this stage of the proceeding.

We understand this to be a contestation on the manner of effecting a partition; and that, as such, it must be determined by the court, before proceeding further, under a provision of the code. Art. 1270. If the appellants had gone on with the partition and executed the decree by drawing lots, they could no longer be relieved against it.

The evidence in this, as in all cases of the same description, consists of probable estimates, and is, as such, quite unsatisfactory. The law, in providing for the appointment of experts, has adopted the best means to give to those estimates the weight, which they have not when obtained from witnesses called up at the moment of the trial.

Correct information under the oath of the experts, of the value of the land, independently of the buildings, of the number, nature, and value of these buildings respectively, would much assist us in determining whether the situation of the buildings and improvements were an obstacle to a division in kind.

It is not enough for the experts to state generally, that, in their opinion, the land can be divided in kind. They must point out the manner in which the division is to be made, show the value of the land and buildings, and their nature, and state all the facts upon which their opinion is based. 2 N. S. 1.

The experts were examined as witnesses, but their testimony shows, that they have not made, together, an appraisement of the land and buildings, and that their examination of the premises has not been as minute as it should have been. It also leaves on our minds a doubt, whether they correctly understood the law under which they acted. They seem to say, that there would be a diminution of value upon the two outside lots, by reason of all the improvements being upon the middle lot, but that it might be compensated in the partition of the slaves and teams. If there was a loss, it was not susceptible of compensation.

The report of the experts in relation to the facts sworn to by the witnesses, would be the best evidence the nature of the case admits of, and for the purpose of obtaining that evidence, we have come to the conclusion to remand the case.

Another consideration has not been without weight with us. The plaintiff is the tutor of the minor heirs. The under-tutor, who was to represent them in this litigation, tendered his resignation to the judge before the citation was served upon him, and he does not appear to have taken any part in it. Judgment was rendered against him by default, and the proceedings went on for twelve months before the judge acted on his application and refused to receive his resignation. On the remanding of the case, he will, no doubt, take such steps as may be necessary to protect the rights of the minors.

It is ordered, that the judgment in this case be reversed; the report of the experts set aside, and the case remanded for further proceedings, with directions to the district judge, to order another report by the experts in conformity with the views expressed in this opinion. It is further ordered, that the appellees pay the costs of this appeal.