## No. 5093.

### Mrs. Elise Labauve *v.* Mrs. Emily Woolfolk et al.

Nothing prevents the owners of property in common from exercising their rights of parti-
tion, and it is not seen how the proceedings complained of in this case by plaintiff can
injure her right of mortgage on the property which the owners have taken measures to
partition, as her judicial mortgage will follow the property or its proceeds.

APPEAL from the Fifth Judicial District Court, parish of Iberville.
Cole, J.   *Barrow & Pope, Herron* and *Gallaugher,* for plaintiff and
appellant.   *Samuel Mathews, E. T. Merrick, Race & Foster,* for defend-
ants and appellees.

Taliaferro, J.   The plaintiff alleges that her late husband, Zenon
Labauve, was a judgment creditor of Mrs. Emily Woolfolk in large
sums, as shown by three several judgments duly recorded and being
judicial mortgage upon her property.   As survivor in community and
as usufructuary the plaintiff sets up her right to bring this action, the
object of which is to defeat what she alleges to be a scheme concocted
by and between Mrs. Woolfolk and her children, who are named in the

petition, to injure and destroy the judgment claims and mortgage rights of the plaintiff, by using the machinery of the courts to effect a partition and sale of all the property upon which her mortgage rights bear and are secure, by a fraudulent and fictitious assignment on the part of Mrs. Woolfolk to her children of the right of usufruct of one-half of said property, and by collusively and fradulently permitting judgments to be rendered against her, and under them to allow her usufructuary rights on the property to be sold, and directly and indirectly to be purchased by her son, Austin Woolfolk. The plaintiff prays judgment recognizing her claims under and by virtue of the judgments and judicial mortgages resulting from the same, as set forth in her petition; that the judicial mortgages she claims as bearing on all the real property of Emily Woolfolk be decreed to have priority over any right, claim or mortgage set up in favor of the parties to the said act of partition; that the judgment rendered by the parish court on the sixteenth September, 1869, decreeing the said partition, be decreed null and without effect; that the notarial act, of date of the tenth February, 1869, before Austin Hunt, be declared null so far as it may affect the rights of the petitioner; that the judgments referred to, to wit: The judgment in favor of Austin Woolfolk, No. 420, and that in favor of Thomas Patrick, No. 421, and the sales made under these judgments be declared simulated and fraudulent, and null and void, as being injurious to the plaintiff's rights and designed to defraud her of her just claims against the said property. She finally prays that an injunction be granted in her favor restraining and prohibiting all the aforesaid parties from taking further proceedings in regard to a sale of the property as advertised, until the whole can be inquired into legally after due citation, and on the trial of the injunction that it be made perpetual, and for costs, etc.

The defendants filed a peremptory exception to the plaintiff's action, taking the ground:

*First*—That plaintiff is not party to any of the judgments which she prays to have annulled, and has no legal right to institute this action of nullity.

*Second*—That this court (the district court in which the action was brought), is without jurisdiction to annul a judgment of the parish court, or to rank or class the claim of the plaintiff in the distribution of the proceeds of the partition sale which may be made in that case.

*Third*—In bar of the plaintiff's action the prescription of one year is pleaded, whether the action is to be regarded as revocatory or one to annul.

The defendants pray for a dissolution of the injunction and for damages. The exception was sustained. The plea of prescription was

held good and the suit dismissed. The injunction was dissolved with five hundred · and fifty dollars damages, for attorney's fees and for costs of readvertising the sale of the property injoined, and an order rendered that the auctioneer proceed with the sale of it.

From this judgment the plaintiff appeals. We think the judgment properly rendered. Nothing prevents owners of property in common from exercising their right of partition, and we do not see how the proceedings complained of by the plaintiff can impair her right of mortgage on the property which the owners have taken measures to partition, as her judicial mortgage will follow the property or its proceeds.

It is therefore ordered that the judgment of the district court be affirmed with costs.

Rehearing refused.