## No. 989.

### W. R. TUGWELL vs. J. L. TUGWELL.

When the Community of acquets and gains is dissolved by the death of the wife, the respective interests of the surviving husband and of the deceased wife attach, *at the moment of its dissolution*, to the property of the Community, subject to the payment of the Community debts. This right will be recognized if sued for in the proper action, and may be enforced at any time, when demanded by a partition of the property or otherwise,—even when the property is burdened with the usufruct in favor of the surviving husband; unless an opposition is interposed by creditors of the Community, or by the Administrator of the succession of the deceased wife, demanding security for the Community debts.

Heirs of the deceased wife, suing, not for a partition of the Community property, but only for the recognition of their rights in the same, need not make their co-heirs parties to the suit.

Nor is it necessary that their heirship should have been decreed by the Probate Court, before the institution of a suit for the recognition of their rights in the Community property.

APPEAL from the Eleventh Judicial District Court, parish of Union. *Graham*, J.

James A. Ramsey for Plaintiffs and Appellants:

When a married woman dies, leaving at her death an undivided interest in community property in possession of the surviving husband, and when at her death the community owes no debts, her heirs may sue in the District Court for their share of said community property as soon as the husband enters into a second marriage. 9 L. 580; 12 R. 266; 4 O. S. 653; 3 A. 562; 5 A. 381-2; 6 A. 295.

An heir may sue for his share of a succession without making his co-heirs parties to the suit. 4 O. S. 472; 3 L. 134; 5 L. 430.

In an action for the ownership and possession of property in the District Court, that court may inquire into the proceedings of the Probate Court when plaintiffs were no parties to those proceedings. 28 A. 303; 10 O. S. 1; 11 L. 384, 390; 12 L. 214; 27 A. 625.

An heir may sue for the possession of property inherited by him, which has been disposed of by defendant, without ever having been recognized as heir by a judgment of the Probate Court. 7 R. 183; 5 R. 9; 2 L. 300; 7 L. 292; 12 R. 258.

J. E. Trimble and Rutland & Hyams for Defendant and Appellee:

The father, who is tutor to his minor children, cannot be forced by their major co-heirs to surrender to them specific property, nor stated amounts of money, until a settlement of the tutorship has first been made, showing what is due them. Baird, Under Tutor, vs. Love et al., 32 An., not yet reported.

Neither can the heirs of the deceased wife claim certain property nor definite sums of money, from the surviving husband, until there has been a settlement of the community, where one has existed. 25 An. 214, 379.

A suit by some of the heirs of a succession for a certain portion of the property belonging to the said succession is in the nature of a suit for partition, and cannot be maintained where the other co-heirs are not cited or made parties thereto. 19 La. 239; 17 La. 348; 4 An. 56, 260.

---

The opinion of the Court was delivered by

Todd, J. The plaintiffs in their petition allege in substance:

That they are the legal heirs of their mother, Mrs. Sarah Tugwell, and the issue of her marriage with Joseph L. Tugwell, defendant in the suit; that their mother died in 1865, and at her death there was property, real and personal, belonging to the community which existed between her and her husband, Joseph Tugwell, who survived her; that their mother brought into the marriage eight hundred dollars, which had been disposed of by her husband; that in October, 1866, J. L. Tugwell contracted a second marriage; that since the death of their mother

the defendant had disposed of all the personal property that belonged to the community, and continued to occupy the land ; that there were, besides petitioner, five other children of said marriage still surviving ; that in 1878 the defendant qualified as tutor to two of the children and co-heirs, then minors, and caused an inventory to be made of nearly all the property that belonged to the community at the time of its dissolution, including in this inventory the property that was no longer in existence, and that by the advice of a family meeting, alleged to have been illegally composed, caused all the land that belonged to the community to be adjudicated to himself.

It was alleged that at the time of the dissolution of the community it owed no debts.

By inheritance from their mother, they claim to be owners of two undivided ninths of the land, and the rents thereof from the date of the second marriage of the defendant; also the same interest in the value of the personal property of the community alleged to have been disposed of, and also the amount alleged to have been brought by their mother into the marriage. Judgment was asked for accordingly, with the further prayer that the adjudication of the community land referred to might be declared null.

An exception was filed to the suit in substance, as follows:

First. That the petition did not allege that there had been a settlement of the community between the mother of the plaintiffs and the defendant, nor of the tutorship of the minor heirs ; and that until such settlement, both of the community and the tutorship, plaintiffs had no right of action in the District Court.

Second. That the co-heirs were not cited, nor made parties to the suit.

Third. That an action to annul the judgment and proceedings in the Probate Court will not lie in the District Court.

Fourth. That plaintiffs cannot sue defendant for a debt due their mother, without first being appointed administrators of her succession, or having themselves previously recognized as her heirs.

Fifth. That plaintiffs cannot maintain a suit against defendant individually for property which he holds as tutor, until such property is first shown by an acco nt to belong to them.

Sixth. That the Court is without jurisdiction *ratione materiœ* and *ratione personœ.*

The exception was sustained by the judge *a quo,* and plaintiffs have appealed.

First—For the purposes of this exception the allegations of the petition must be considered as true. It is distinctly alleged in the petition that at the time of its dissolution the community owed no debts. And this pre-

sents the question, whether the heirs of the mother can sue to recover her interest in the community that existed between her and her surviving husband without alleging and showing that there had been, previous to the suit, a settlement of the community, even though they do allege that such community owed no debts at the time of its dissolution.

We hold that such an action will lie, and the allegations of the petition are sufficient to maintain it. If there were no debts owing by the community, there was no settlement of it to be made, and the property belonging to it could at once be partitioned among the parties interested.

Art. 2405, C. C. declares :

" At the time of the dissolution of the marriage, all effects which both husband and wife reciprocally possess are presumed common effects or gains."

And art. 2406 :

" The effects which compose the partnership or community of gains are divided into two equal portions between the husband and wife, or between the heirs, at the dissolution of the marriage."

The construction of this last article, although seemingly so plain in its terms, and the nature of the interest of the surviving wife or her heirs in a community dissolved by her death, and the rights of action growing out of it, have been the subject of many and conflicting decisions by the courts of the State, and the jurisprudence on this point is somewhat unsettled.

In the case of German vs. Gay et al. 9 A. 582, the identical question here presented came up for adjudication. The Court in that case says :

" The plaintiff as heir-at-law of Nancy Frier, late wife of R. Nichols, and in community with him, sues the defendant for one half of a slave which belonged to the community. The question presented by the exception is whether the heir of the wife has a right to recover the undivided half without alleging that a partition has been made, and *the community settled.*"

The Court held that the action would lie, and further says:

" It cannot be doubted that the community terminated by the death of one of the parties ; if the husband survives, he has no longer a right to sell the whole property. The heirs of the wife may renounce or accept the community ; if they accept, either tacitly or expressly, they become joint owners with the surviving husband ; and if the husband sells, he can convey no greater right than he has himself, and his vendee becomes the co-proprietor with the heirs of the wife.      *      *      *
According to our understanding of the Code, the distinct interest of the parties attaches at the dissolution of the marriage, subject, however, to the right of the wife or her heirs, as the case may be, to renounce, and thereby exonerate herself from the payment of the debts of the com-

munity.   *   *   *   *   The District Judge is of opinion that a distinct interest does not rest in the wife or her heirs before a settlement or liquidation of the community; but if this were so it would be difficult to reconcile that part of the Code which authorizes the wife, or herself, if she survives, to attach alienations made by the husband, even during marriage, which had been made in fraud of her rights.   If her eventual right depended altogether on a settlement to be had of the community, she would be without any right of which she could be defrauded.

" The pretensions of the surviving husband rest upon the supposition that he has in law a right to settle and liquidate the community, and that the rights of the wife depend upon such settlement and liquidation, which must be done with him and him alone.   His authority as master of the community ceases on the dissolution of the marriage.   The right of the heirs of the deceased party then attaches to have a partition of the effects subject to the payment of the debts." ·

The opinion in this case, from which we have just quoted, but reasserts the principles enunciated in the case of Broussard vs. Bernard, 7 L. 222, and they have been followed by a long line of decisions which re-affirm the same doctrine.   See 12 R. 266 ; 3 A. 562 ; 5 A. 581, 582 ; 16 A. 49 ; 18 A. 409 ; 19 A. 428.

In the case of Bennett vs. Fuller, 29 A. 663, the various decisions on this subject were reviewed by our immediate predecessors ; and after referring to the conflict in the decisions, and thoroughly discussing the same, they quote from the earlier decisions which we have cited, and expressly sanction and approve the doctrine which they enunciate.   We, too, concur in their conclusions.

To give the article of the Code referred to a different construction or the construction warranted by some of the decisions of this Court, a number of which have been cited by counsel for defendant, would be in a great measure to destroy the force of the article, and almost to deny any right under it whatever to the surviving wife or her heirs ; or if any right is recognized, it is so undefined, and its exercise clogged with so many conditions as to render it virtually impracticable.

To set at rest this vexed question, we distinctly announce that, construing the articles of the Code upon this subject in accordance with what we conceive to be their plain and express language, we hold that when the community of acquets and gains is dissolved by the death of the wife, the respective interests of the surviving husband and of the deceased wife attach at the moment of its dissolution to the property of the community, subject to the payment of the community debts.   This right will be recognized when demanded in the proper action, and may be enforced at any time when demanded by a partition of the property or otherwise, even when the property is burdened with the usufruct in

favor of the surviving husband, where no opposition is interposed by creditors of the community, or by the administrator of the succession of the deceased wife, demanding security for the community debts.

Nor was it necessary that the petition should have alleged that a settlement had been made of the tutorship, as urged in the first ground of the exception. This entire tutorship proceeding embraced only the interest of the two minor heirs, according to the allegations of the petition, and the plaintiffs were not parties to it, and in no way affected by it.

There is therefore no force in this first ground of the exception. The allegations do show a cause of action.

Second—The suit is not for a partition, but only for the recognition of the right of plaintiffs to an interest in the community property ; and therefore it was not necessary to make the co-heirs parties. 3 L. 134 ; 5 L. 430; 6 L. 232.

Third—The suit is in part for the recovery of property, and thus far is petitory in its character. The defendant interposes a proceeding in the parish court, to which plaintiffs were not parties, as an obstacle to their recovery. The validity of such proceeding might become a legitimate subject for attack and investigation. But, as we have stated above, the adjudication to the defendant of the community land, and the entire tutorship proceeding, could have no material bearing in the case, and could in no manner affect plaintiffs' rights under the allegations of the petition ; and therefore need not even have been mentioned in the petition. 11 A. 384 ; 12 L. 214 ; 27 A. 625 ; 28 A. 303.

Fourth—It was not necessary that plaintiffs should have been appointed administrators of their mother's estate to be authorized to sue. According to the allegations of the petition, the community owed no debts, and to have assumed an administration on a succession that owed no debts was unwarranted ; and besides, the heirs by accepting a succession purely and simply, even if there be debts, can enforce any right derived from the deceased by an action in their own names ; nor need a recognition of their heirship precede such action. 7 R. 183.

Fifth—There is no force whatever in this ground of the exception ; it refers to the tutorship proceeding, which we have shown could have no bearing in the case, nor in any way affect plaintiffs' rights under their allegations.

Sixth—From what we have said touching the first ground of the exception, it plainly appears that the District Court had jurisdiction of the suit as relates to the interests in real estate claimed, had the defendant even qualified as the tutor of the plaintiffs.

The rest of the demands embraced in the suit could only have been inferred by requiring the rendition of a tutorship account and the proper

proceedings in connection therewith in the parish court. It, however, appears from the pleadings that the defendant never qualified as the tutor of the plaintiffs ; and therefore they had a right to institute this suit against him in the District Court as though he were a stranger or an intermeddler. As the defendant was a resident of Union parish, he was properly cited in the District Court of that parish, and the plea to the jurisdiction *ratione personæ* is alike untenable.

The exception should have been overruled.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed, and that the case be remanded to the court *a qua* to be proceeded with according to law, defendant to pay costs of this appeal and of the lower court from the filing of the exception therein to this date.