(80 South. 254)

No. 23072.

LAROSE v. NAQUIN et al.

In re LAROSE.

(April 29, 1918. On Rehearing, Dec. 2, 1918.)

*(Syllabus by O'Niell, J.)*

1. INTERLOCUTORY JUDGMENT IN PARTITION—SUSPENSIVE APPEAL.

When all of the parties to a partition suit have admitted in their pleadings that the property cannot be divided in kind without loss of value, and have asked that it be sold at public auction and that the proceeds be divided among them, none of them has a right of appeal from an interlocutory judgment ordering the sheriff to sell the property at public auction and retain the proceeds for distribution according to the final judgment to be rendered.

On Rehearing.

*(Syllabus by Editorial Staff.)*

2. APPEAL AND ERROR ⟨⟩150(1)—INTERLOCUTORY JUDGMENT IN PARTITION—SUSPENSIVE APPEAL—PECUNIARY INTEREST.

Where all parties in partition admit in pleadings that property cannot be divided in kind, and ask for a public sale and a division of proceeds, plaintiff might appeal from an interlocutory judgment ordering a sale at public auction and retention of proceeds for distribution according to final judgment, as he had a pecuniary interest in having judgment revised, where it did not pass on issue raised in answer of one of defendants.

O'Niell, J., dissenting on rehearing.

Suit for partition by Theophile Larose against Clay Naquin and others, with ruling by plaintiffs to show cause why a sale should not be made and the proceeds held in court for distribution according to the final judgment to be rendered. Judgment in favor of plaintiffs in rule, and plaintiff, defendant in rule, moved for a suspensive appeal from the judgment, which was refused, and he applies for writs of mandamus and prohibition to compel the granting of a suspensive appeal. Writs to be issued as prayed.

Guion, Lambremont & Guion, of Napoleonville, for applicant.

A. N. Simmons, Marks, Le Blanc & Talbot, and Howell, Wortham & Gianelloni, all of Napoleonville, for respondents.

O'NIELL, J. This is an application for mandamus to compel the granting of a suspensive appeal from an interlocutory judgment ordering a public sale to effect a partition of certain land in contest.

The plaintiff, claiming a sixth interest in the property, and alleging that each of five defendants named in his petition owned also a sixth interest, sued for a partition. He alleged that the property could not be divided in kind without loss to its co-owners, and asked, therefore, that it be sold at public auction and the proceeds divided equally among the six owners. He alleged that a Mrs. Ernest Naquin claimed a half interest in the property, and asked that she be cited as the sixth defendant, and that judgment be rendered against her, denying her claim.

In answer to the suit, each of the six defendants admitted that the property could not be divided in kind without diminution of value and consequent loss to all parties; and each defendant, therefore, joined in the plaintiff's prayer that the property be sold at public auction, and the proceeds held in court for division among the co-owners according to the judgment to be rendered. Mrs. Ernest Naquin, in her answer to the suit, also claimed a mortgage on the share of the property belonging to the other parties to the suit.

All parties having asked for a public sale of the property, the six defendants then obtained a rule upon the plaintiff to show cause why the sale should not be made forthwith and the proceeds held in court for distribution according to the final judgment to be rendered. Answering the rule, the plaintiff (defendant in rule) objected to the sale, because he held possession of the property and

was cultivating it, and because, as he contended, Mrs. Ernest Naquin's claims should be determined before a sale should be made. Evidence was taken, on trial of the rule, showing that the property could not be divided in kind without loss of value, and that it would sell for a higher price then than at a later date. Judgment was rendered in favor of the plaintiffs in rule, ordering that the sale be made, and that the sheriff retain the proceeds for distribution according to such final judgment as might be rendered. The plaintiff (defendant in rule) moved for a suspensive appeal from the judgment; which was refused. The present proceeding is to compel by mandamus the granting of the appeal.

### Opinion.

[1] Our opinion is that the plaintiff, defendant in rule, is not entitled to appeal from the judgment rendered in compliance with the prayer of his petition. The claim of Mrs. Ernest Naquin, that she had a mortgage on the plaintiff's share in the property, did not warrant the plaintiff in attempting to withdraw his prayer for a public sale. An appeal from the interlocutory order of sale could not avail the plaintiff anything except delay, which, according to the evidence, would be advantageous to him and disadvantageous to the defendants, to which delay and advantage we do not think he is entitled. The demand for a partition should have been disposed of summarily. R. C. C. art. 1328. The judgment ordering the sale could only be affirmed on appeal, because all parties consented to it. Our conclusion is that the relator is not entitled to the relief prayed for.

The rule issued herein to show cause why the writs asked for should not issue is recalled, and the relator's demand is denied, at his cost.

### On Rehearing.

PROVOSTY, J. Plaintiff, alleging his ownership of a one-sixth interest in a certain tract of land and a like interest in each of five other persons, prayed for a partition, and that to effect this partition the property be sold for cash. But he at the same time alleged that a certain Mrs. Naquin claimed a one-half interest in the property, and mortgage rights upon the other half interest, and he prayed that this lady be cited, and be adjudged to have no interest in the property and no mortgage, and that the said sale be made "free from any claim whatever on her part."

Mrs. Naquin answered, asserting her said claims, but asking that the property be sold for cash, and that her mortgage be transferred to the proceeds of the sale; and she and the other defendants then joined in a rule upon the plaintiff to show cause why the sale should not be made at once, and "the proceeds ordered to be held by the sheriff until the further orders of the court, and the claims of all the parties to the suit be referred to such proceeds, to be decided upon the trial of the issues which are contested in this cause." In answer to this rule plaintiff contended that the sale should not take place before the alleged rights of Mrs. Naquin had been determined. The court rejected this contention, and rendered judgment making the rule absolute; and the matter now to be considered is an application of plaintiff for a mandamus to the trial judge directing him to grant an appeal from that judgment.

[2] It is said that all parties consented to the sale being ordered, and that therefore the judgment is one by consent; and, as such, unappealable. But, very far from consenting to the rule, the plaintiff opposed it; and so far as his petition is concerned the only sale it asked for was one "free from any claims whatever" on the part of Mrs. Naquin.

In the case of Reynolds v. Reynolds, 43 La. Ann. 1118, 10 South. 303, where, on the authority of Stokes v. Stokes, 6 Mart. (N. S.) 350, the court denied an appeal from a judg-

ment ordering a sale in a partition suit, the court added:

"If the case involved a controversy as to the fact of co-ownership, * * * possibly, under some certain circumstances, appeal might lie."

And in Maguire v. Fluker, 112 La. 78, 36 South. 231, the court cited with approval Woolfolk v. Woolfolk, 30 La. Ann. 146, where the court had said that:

"The weight of authority as well as of reason is against the dictum of Stokes v. Stokes"

—meaning that a judgment in a partition suit does not differ from an ordinary judgment in point of appealability.

The appealability must depend upon whether the complainant has a pecuniary interest in having the judgment in question revised, either because of its having passed erroneously upon the issues tendered by the pleadings, or failed to pass upon them. In the present case the complaint is that the judgment has failed to pass upon an issue tendered by the pleadings; this issue being as to whether the property should be sold free from the claims of Mrs. Naquin, or subject to, or under the cloud of, these claims.

The judgment having failed to pass upon said issue, the question resolves itself into whether the plaintiff has a pecuniary interest in having said issue determined preliminarily to the sale.

Two very good reasons are assigned why he has:

One is that at an auction to effect a partition the question of ownership may exercise a very decided influence upon the bidding; for in the proportion in which a part owner is owner he may without outlay overbid a stranger to the property. If he is, for instance, half owner, his raising the bidding by $100 means $50 outlay to him; whereas, to a stranger to the property, a like addition would mean $100. Bringing the matter to the test of the present case, we find that plaintiff has heretofore, and is still, cultivating this tract of land (which, for all we know, may constitute one field with his adjoining plantation), so that he probably will want to buy the property at the auction. If the auction takes place after the claims of Mrs. Naquin shall have been eliminated by final judgment, he will know that one-sixth of his bid means no outlay to him; whereas, if the said claims have not yet been adjudicated upon, he will not know but that every dollar he bids means a full dollar.

Another good reason is that the proceeds of the sale will have to remain in the hands of the sheriff until the rights of Mrs. Naquin are adjudicated, which can hardly be less than two or three years, and may be four or five, during this time bringing no revenue; whereas, the property until sold will bring revenue to its owners.

It is argued against this last reason that the plaintiff, being a co-owner, may, in case he becomes the purchaser, retain the price of the sale in his hands until the respective rights of the parties are adjudicated. But, conceding for the argument that a co-owner purchasing may thus retain the price, what if plaintiff does not become the purchaser. Is his share of the price to remain indefinitely tied up, yielding no, or a mere nominal, revenue.

The learned counsel for defendants say that the rehearing should be recalled, because it was not granted "on any point called to the attention of the court by brief or argument at the first hearing," and at the same time they say that they are "entirely in the dark as to the point on which the rehearing was granted." There is inconsistency here. As a matter of fact the rehearing was granted on the ground assigned in the foregoing opinion, which ground, as appears from the opinion, was that presented by the pleadings.

It is therefore ordered that the writs of

mandamus and prohibition be issued as prayed.

O'NIELL, J., dissents, adhering to the original opinion rendered herein.