O’NIELL, C. J.
 

 The plaintiff obtained a decree of divorce from her husband, defendant in this proceeding. It was also decreed that she owned a half interest in certain property that was declared to belong to the marital community, including several city lots; and it. was further ordered and decreed “that same be partitioned in further proceedings herein.” The defendant did not appeal from the judgment. Four months after it was rendered, plaintiff obtained a rule on defendant to show cause why the property should not be sold at public auction to effect a partition. The defendant filed several exceptions to the proceeding, and, the matter having been argued and submitted on the exceptions, there was judgment for plaintiff, making the rule absolute, and ordering that
 
 *49
 
 all of the community property listed on the inventory should be sold at public auction, by a licensed auctioneer named in the judgment. Lfom that judgment the defendant has appealed. ■ The plaintiff has moved to dismiss the appeal, on the theory that the judgment appealed from was only an interlocutory judgment, or only an incident of the original judgment, granting a divorce and recognizing plaintiff’s right to a division of the community property.
 

 The original judgment, declaring that the property should “be partitioned in further proceedings herein,” was -only declaratory of the plaintiff’s right to have a division of the community property. The declaration did not purport to be a judgment of partition, for there was no fixing of the terms of the partition or division. It was not even said whether the partition should be effected by dividing the property in kind’or by selling it and dividing the proceeds.
 

 The judgment from which the defendant has appealed is the first and only judgment of partition that was rendered in the case. It can hardly be disputed that, as a general rule, the defendant in a partition suit has the right to appeal from an adverse judgment, whether the decree be that the property shall be divided in kind, or that it shall be sold and the proceeds divided. If the property be ordered sold, the defendant does not have to await the final judgment homologating the proceedings. See McCollum v. Palmer, 1 Rob. 512; Blanchard v. Heirs of Blanchard, 7 La. Ann. 529; Woolfolk v. Woolfolk, 30 La. Ann. 146 (declaring that Traverso v. Row, 10 La. 500, and Id., 11 La. 494, had overruled Stokes v. Stokes, 6 Mart. [N. S.] 350). See, also, Cary v. Richardson, 35 La. Ann. 505 (again declaring Stokes v. Stokes overruled); Maguire v. Fluker, 112 La. 78, 36 So. 231; and Larose v. Naquin, 144 La. 201, 80 So. 254.
 

 The motion to dismiss the appeal is overruled.