182 So. 541

**RHODES v. RHODES.**

No. 34838.

May 30, 1938.

Rehearing Denied June 27, 1938.

Harris Gagne, of Houma, for appellant.

Morris P. LeCompte, of New Orleans, for appellee.

LAND, Justice.

On October 31st, 1931, plaintiff obtained judgment against defendant, decreeing a divorce between the parties, a dissolution of the community of acquets and gains existing between them, and a partition of its goods and effects according to law. This judgment, however, did not fix the manner in which the partition should be made, and was affirmed by this Court on July 7, 1933, as rendered in the lower court.

The present suit was filed by plaintiff against defendant on January 14, 1938, and has for its purpose a partition of the community property by licitation, and an accounting by the husband of all rents, monies and revenue received by him.

Plaintiff prays that an inventory and appraisement of all property belonging to the community be made; that experts be appointed to report whether the property sought to be partitioned is divisible in kind or not; that a Notary Public be appointed to effect and complete the partition; and, after due proceedings had, that plaintiff and defendant be recognized as owners in indivision of the property inventoried, in the proportion of one-half each, and that there be judgment herein decreeing a partition by licitation.

The experts appointed by the trial Judge reported that, in their opinion, the property cannot be conveniently divided without diminution of its value and without loss and inconvenience to all of the parties; and that a sale of the property is necessary in order to effect a partition among its co-owners.

After hearing had, the partition was ordered by the trial Judge as prayed for by plaintiff, and from this judgment defendant has appealed.

(1) It may be that the judgment of October 31, 1931, affirmed by this Court July 7, 1933, is a definitive judgment; but, in order to avoid any issue as to this matter, we have decided to pass upon the present contentions of defendant.

■ The first question before the Court for decision is as to manner and mode of effecting the partition.

˝ The trial Judge approved the report of the experts and ordered a partition by licitation, and, in so doing, he did not, in our opinion, commit any error.

It is provided in Article 1339 of the Revised Civil Code that: "When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter provided."

It is also provided in Article 1308 of the Revised Civil Code that: "The action of partition will not only lie between coheirs and legatees, but between all persons who hold property in common, from whatever cause they may hold in common."

■ (2) The contention of defendant that the community property of the spouses cannot be partitioned because of mortgages on the property, is without merit.

It is specifically provided in Article 1338 of the Revised Civil Code: "That in all judicial partitions, where a partition is made by licitation, the mortgages, liens and privileges existing against any one or more of the coproprietors, shall be by order of court transferred to the proceeds of sale in the hands of the notary, and the rights of all creditors shall be reserved on the said proceeds of sale to be urged by them, either before the notary or the court, as may be necessary, provided the holders of such mortgages, liens and privileges be made parties to such judicial partition."

In Bayhi v. Bayhi, 35 La.Ann. 527, it was held by this Court, as stated in the syllabus:

"In partition suit between co-heirs, the mortgages affecting the share of any one of them are referred to the proceeds, and either of them can, by rule against the mortgage creditors, have them so relegated and the inscriptions thereof erased from the mortgage book."

See, also, Labauve v. Woolfolk, 26 La. Ann. 440, in which it is held that the mortgage follows the property or its proceeds.

The judgment rendered in this case declares:

"That all the creditors of the community, mortgage or otherwise, and all persons having or claiming to have mortgages, liens, privileges, or other legal rights upon or against any of the property herein ordered to be sold, if any there be, be relegated to the proceeds of said sale and referred to said Notary, with full recognition of their legal rights under the law." T. p. 9.

■ Besides, as the sale to effect the partition in this case is not opposed by any creditor of either the community or of the separate spouses, the husband cannot champion the cause of the creditors, as

announced by this Court in Giglio v. Giglio, 159 La. 46, 49, 105 So. 95.

In that case it is said by the Court, at page 52, 105 So. at page 97:

"There are no creditors of either the community or the separate spouses who are opposing the sale to effect a partition, and the defendant is without interest in championing the rights of the creditors, if any there be. Besides, if there are any mortgages on the property to be partitioned, either against the community or the separate spouses, the holders of such mortgages will not be without a remedy to protect their rights."

■ (3) Defendant also contends that because of the insolvency of the community, the sale to effect a partition must await the liquidation of the debts. A complete answer to such contention is found in the following cases:

In the Giglio Case, cited supra, it is said:

"It may be, as contended by defendant [the husband], that his liabilities largely exceed in amount the value of his interest in the property, and it may be that his interest is under seizure (there is no evidence to this effect), still that fact would not deprive the plaintiff [the wife] of the right to have a sale of the property for the purpose stated", which was to effect a partition.

In Tomme v. Tomme, 174 La. 123, 139 So. 901, this Court said, at page 130, 139 So. at page 903:

"When the community is dissolved by judgment as in this case, the spouses each get, not half the value of the effects, but

each a one-half interest in the effects themselves, which may be divided, partitioned, and it is *settled jurisprudence* that where the former husband remains in possession of the community property, the wife or her heirs may sue for her share of the property *before the community has been liquidated* and without alleging that it is insolvent. [Italics ours]. Tugwell v. Tugwell, supra [32 La.Ann. 848]; Glasscock v. Clark, 33 La.Ann. 584; Heirs of Murphy v. Jurey & Gillis, 39 La.Ann. 785, 2 So. 575; Succession of Dumestre, supra [42 La.Ann. 411, 7 So. 624]; Verrier v. Loris, 48 La.Ann. 717, 19 So. 677; Levy et al. v. Robson, 112 La. 398, 36 So. 472."

■ (4) Finally, defendant contends that as plaintiff, the wife, accepted the community at the dissolution of the marriage, with benefit of inventory under Act 4 of 1882, *she renounced the debts*, and hence she has no interest and is without right to provoke a sale of the community property to effect a partition in this case. To the contrary, the wife who accepts the community at the dissolution of the marriage, with benefit of inventory, under Act 4 of 1882, does not repudiate the debts, but limits same to her one-half of the community property, thus relieving her from any personal liability beyond her community interest.

■ Husband and wife become co-owners of community property, when divorce decree becomes final, and either has right of partition. Giglio v. Giglio, 159 La. 46, 105 So. 95.

Judgment affirmed.

O'NIELL, C. J., did not take part.