ELLIS, Judge.
Plaintiff Wallace A. Edwards and defendant Marion Larose Edwards were divorced by judgment dated April 2, 1971, which judgment is now final. Thereafter, plaintiff instituted this action for a partition by licitation of the community estate. Defendant answered, denied plaintiff’s right to a partition, alleged that she accepted the community with benefit of inventory, and reconvened for an administration of the community estate, praying that she be named administratrix thereof. After trial on the merits, judgment was rendered denying the reconventional demand, and ordering the sale of the community property at public auction in order to effect the partition by licitation. From that judgment, defendant has appealed and plaintiff has answered, asking damages for a frivolous appeal.
It is the contention of the defendant that, under the provisions of R.S. 9:2821, she is entitled to an administration of the community estate in the same manner as a beneficiary heir is entitled to an administration of a succession. She claims that, since she is entitled to an administration, the trial court is without authority to order a partition by licitation.
R.S. 9:2821 reads as follows:
“At the dissolution for any cause of the marriage community, the wife may accept the community of acquets and gains under the benefit of inventory, in the same manner and with the same benefits and advantages as are allowed heirs to accept a succession under the benefit of inventory.”
Defendant asserts that the language “with the same benefits and advantages as are allowed heirs to accept a succession under the benefit of inventory” gives the wife the benefit of the procedural as well as the substantive provisions of the Civil Code and the Code of Civil Procedure relative thereto. She contends that she has the right to provoke an administration of the community in the same fashion as the beneficiary heir to a succession.
Plaintiff alleges that the effect of R.S. 9:2821 is to bestow only the substantive “benefits and advantages” on the wife.
Article 1032 of the Civil Code provides:
“The benefit of inventory is the privilege, which the heir obtains, of being liable for the charges and debts of the succession only to the value of the effects of the succession, by causing an inventory of these effects to be made within the time and in the manner hereinafter prescribed.”
Article 1054 of the Civil Code reads as follows:
“The effect of the benefit of inventory is that it gives the heir the advantage:
“1. Of being discharged from the debts of the succession by abandoning all the effects of the succession to the creditors and legatees;
“2. Of not confounding his own effects with those of the succession, and of preserving against it the right of claiming the debts due him from it.”
In addition, the heir is entitled, under Article 1058 of the Civil Code, to receive his share of the proceeds of the estate, if any, after all debts and charges have been paid.
*688 Prior to the adoption of Act 4 of 1882, now R.S. 9:2821, upon the dissolution of the marriage the wife’s rights relative to the community property were fixed by the following articles of the Civil Code:
Article 2409:
“It is understood that, in the partition of the effects of the partnership or community of gains, both husband and wife are to be equally liable for their share of the debts contracted during the marriage, and not acquitted at the time of its dissolution.”
Article 2410:
“Both the wife and her heirs or assigns have the privilege of being able to exonerate themselves from the debts contracted during the marriage, by renouncing the partnership-or community of gains.”
Article 2413:
“The surviving wife, who wishes to preserve the power of renouncing the community of gains, must make an inventory within the delays and with the formalities prescribed for the beneficiary heir.”
Article 2414:
“She ought also to make her renunciation within the same delays which are allowed for the beneficiary heir to explain his intentions.
“After the expiration of these delays, she may be, in the same manner, forced to make her decision, and judgment may be rendered against her as a partner, unless she renounces.”
 It is to be noted that her rights to renounce, to deliberate and to make an inventory, are governed by the delays provided for the beneficiary heirs under Article 1032 et seq. of the Civil Code. However, the appointment of an administrator is not required in the event of her renunciation, although such was required by the codal provisions relating to beneficiary heirs. We think it unlikely that the legislature, in granting the divorced wife the right to accept the community estate with benefit of inventory, intended to engraft thereon the procedural requirements for administering a succession accepted in like manner. We think they intended to relieve the divorced wife or widow of the onus of having to determine the propriety of accepting or renouncing the community estate, and to give her the same latitude of choice relative to the community that an heir has relative to the estate.
The Supreme Court of this State, in Phillips v. Phillips, 160 La. 813, 107 So. 584 (1926), in dealing with a related point, said:
“For the wife to accept the marital community with benefit of inventory is nothing more than an expression of her consent to receive the residue of the community estate, if there be any, after the debts of the community are paid. The wife thereby incurs no obligation or responsibility whatever.”
In Rhodes v. Rhodes, 190 La. 370, 182 So. 541 (1938), it was contended by the husband that the wife had lost the right to a partition of the community estate because she had accepted the community with benefit of inventory under Act 4, of 1882. In answering the contention, the court said:
“To the contrary, the wife who accepts the community at the dissolution of the marriage, with benefit of inventory, under Act 4 of 1882, does not repudiate the debts, but limits same to her one-half of the community property, thus relieving her from any personal liability beyond her community interest.
“Husband and wife become co-owners of community property, when divorce decree becomes final, and either has right of partition. Giglio v. Giglio, 159 La. 46, 105 So. 95.”
Since we are of the opinion that R.S. 9:2821 does not require an administration of the community estate when the wife accepts it with benefit of inventory, the *689 plaintiff herein is entitled to a partition by licitation thereof. The judgment below is therefore correct, and it is affirmed at defendant’s cost.
We find no merit in plaintiff’s request for damages for a frivolous appeal. A serious and res nova question of law has been presented to the Court by the defendant.
Affirmed.