**162 So. 5**

**HAAS v. HAAS.**

No. 33196.

April 29, 1935.

Rehearing Denied May 27, 1935.

W. C. Perrault and Geo. K. Perrault, both of Opelousas, for appellant J. E. Buck, trustee.

Lewis & Lewis, of Opelousas, for appellee.

BRUNOT, Justice.

This case is accurately stated in the opinion herein which was rendered on the motion to dismiss the appeal (181 La. 265, 159 So. 384). The sole question which is presented by the appeal is the validity vel non of the judgment appealed from.

The plaintiff's suit was brought under the provisions of Civ. Code, art. 2561, as amended by Act No. 108 of 1924. Before

Civ. Code, art. 2561, was amended it read as follows:

"If the buyer does not pay the price, the seller may sue for the dissolution of the sale."

Act No. 108 of 1924 amended the article to read:

"If the buyer does not pay the price the seller may sue for the dissolution of the sale. This right of dissolution shall be an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dis solution; but if any refuse, the others by paying the amount due the parties who re fuse shall become subrogated to their rights."

It is conceded that prior to the passage of Act No. 108 of 1924, the vendor alone could sue for the rescission of a sale for the nonpayment of the purchase price, and, as Pickens Butler sold the property described in the plaintiff's petition to Leon S. Haas on January 25, 1923, the appellant contends that Act No. 108 of 1924 is substantive legislation and therefore it cannot apply to a contract executed before its passage. On the other hand, the plaintiff contends that the legislation is remedial, in that it merely safeguards the right of the holder of a vendor's lien note, whether he be the vendor of the property or the transferee of the note.

Counsel have discussed their respective contentions at length, both in argument and in their briefs, but inasmuch as appel lant did not obtain and record his judgment against Leon S. Haas, the vendee of the property, until approximately nine years after the right of the transferee of the note to sue for a rescission of the sale became fixed by the passage of Act No. 108 of 1924, we are of the opinion that whether or not the act may be given a retroactive effect presents, under the facts and circumstances of this case, a more or less academic question. With respect to ex post facto laws Civ. Code, art. 8 is as follows:

"A law can prescribe only for the future; it can have no retrospective operation, nor can it impair the obligation of contracts."

Section 15 of article 4 of the Constitution reads:

"No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid."

We quote from the syllabus of Municipality v. Wheeler & Blake, 10 La. Ann. 745, two principles of law which are thoroughly established in the jurisprudence of this state, viz.:

"A retroactive statute which has no relation to crimes and penalties, is not an ex post facto law.

"Retrospective laws, in civil matters, do not violate the constitution, unless they tend to divest vested rights or to impair the obligation of contracts."

In this case the vendee of the property does not complain of any impairment of the obligations of his contract, or any divestiture of a vested right. On the contrary, he confirms every allegation in the plaintiff's petition, and he did not appeal from the judgment which was rendered against him. Under these circumstances, one who had no interest to assert, at the time plaintiff's right to sue for the rescission of the sale became fixed by statute, cannot now assert a right which did not come into existence until nine years after that time.

Where one appeals from a judgment rendered in a suit to which he was not a party, he must take the record as he finds it, and, unless it be shown that the judgment is erroneous as between the parties to the suit, or that it is the result of fraud and collusion on their part, he cannot complain. The rights of third persons who appeal under the provisions of Code Prac. art. 571 are fixed by the jurisprudence of this state. Mutual Life Insurance Co. v. Mrs. Nellie Houchins et al., 52 La. Ann. 1137, 27 So. 657; Elizabeth Griffing v. Robert H. Bowmar, 3 Rob. 113, page 116; Herman v. Smith, 7 Mart. (N. S.) 676.

We find nothing in the record to indicate that the parties to the suit can be charged with fraud or collusion. On the contrary, as is well said in the brief of appellee:

"It is not disputed that the cash of the minor was actually invested in the mortgage note which the tutrix acquired from Butler, and it is not disputed or denied that the defendant Haas owed the full amount of the same with interest and attorney's fees."

Nor is it denied that the note was acquired by the appellee in due course and before its maturity and that this suit was filed after its maturity.

It would serve no useful purpose to comment upon other contentions of counsel, or upon the several cases cited in their briefs; suffice it to say that, for the reasons stated, we find that the judgment appealed from is correct, and it is therefore affirmed at appellant's cost.