ELLIS, Judge.
This is a suit coupled with an attachment brought by Balis against Mitchell, a nonresident, to enforce the resolutory condition for defendant’s failure to' complete the payment of the purchase price of real estate transferred by act of sale with mortgage on December 19th, 1938, which act was duly filed and recorded. Bond iwas posted, the property was seized and a copy of the petition was placed on the door of the Court Room of the East Baton Rouge Parish Court House. Thirty days later, upon the petition of plaintiff a curator ad hoc was appointed and duly served. After due delays a preliminary default was entered and confirmed, and judgment was rendered March 21, 1950 and signed on March 22nd in favor of the plaintiff, rescinding and annulling the act of sale and mortgage, returning to and reinvesting in plaintiff the title of the following described property:
*693 Two (2) certain lots or parcels of ground, ■together with all the buildings and improvements thereon, situated in the Parish of East Baton Rouge, State of Louisiana, in that re subdivision of Lots Nos. Twelve (12) and Thirteen (13) of that subdivision south of the City of Baton Rouge, known as the Balis property, being Lot No. Forty-four (44) of Richland Plantation and located in Section Ninety-four (94) Township Seven (7) South Range One (1) East of the Greensburg Land District of Louisiana, and designated according to a plan of said resubdivision of Lots Nos. Twelve (12) and Thirteen (13) made by A. G. Mun-dinger, C. E. and Surveyor, on November 10, 1937, and recorded in Plan Book — at page - of the records of the Parish of East Baton Rouge as Lots “I” and “J” of ■said Lot No. Twelve (12), said lots each measuring eighty (80) feet front on the said Balis Road by a depth between parallel lines of three hundred six (306) feet; and being a part of the same property acquired by present vendor as per act dated December 30, 1919, from Pearl W. McPhearson, recorded in Conveyance Book-, Folio-■of the records of the Parish of East Baton Rouge, Louisiana.
On July 10, 1950 a petition of appeal was ■filed by Mary Williams Kennedy in which she made the following pertinent allegations :
“2. That said judgment is contrary to the law and the evidence.
“3. That your petitioner is neither plaintiff nor defendant in the said suit, but has an interest in the outcome thereof, for the reason that she is the owner of an undivided one-half interest in the real property transferred by said judgment from the defendant, Daniel Mitchell, to the plaintiff, William H. Balis.
“5. That on December the 19th, 1938, when the plaintiff, William H. Balis, sold the said real property to Daniel Mitchell, your petitioner was married to and living with the said Daniel Mitchell, as is fully shown by the authentic declaration in the act of sale, the original of which is recorded in Book 392, page 46 oí the Conveyance Records of East Baton Rouge Parish, Louisiana, and a certified copy of which is attached hereto and made a part hereof.
“6. That your petitioner was divorced from her said husband and the community which existed between them was dissolved by a judgment rendered, on July 27, 1943, in the matter entitled ‘Daniel Mitchell vs. Mary Williams Mitchell’, Number 19,673 on the Docket of the 19th Judicial District Court, a copy of which judgment is annexed hereto and made a part hereof.
“7. That plaintiff knew that your petitioner was divorced from her said husband and had an interest in the property, but failed to make your petitioner a party to this suit, and she had no knowledge of the action until the judgment was signed and no opportunity to intervene in the suit.
“8. That your petitioner is aggrieved by the said judgment, and desires to appeal devolutively to the Court of Appeals of Louisiana for the First Circuit.”
The plaintiff filed a motion to dismiss the appeal of Mary Williams Kennedy, the third party appellant, for the following reasons:
“1. Appellant is a stranger or third party to the mentioned judgment and her petition does not set forth the legal grounds on which she has been aggrieved by the judgment of the Court below;
“2. Appellant does not allege that her judgment of divorce was of record in either the conveyance or the mortgage records of the parish where the property in question is located;
“3. Appellant has not alleged whether or not she has accepted the community of acquets and gains which formerly existed between her and her said divorced 'husband, Daniel Mitchell, simply or with benefit of inventory;
“4. Appellant makes no allegation that the community debts, if any, have been paid or the community liquidated or partitioned ;
“5. Appellant makes no mention that she has an advantage to gain in the reversal of the judgment appealed from;
“6. Appellant has not alleged that had she been permitted to intervene in the suit *694 below, she had a defense which might have been successfully urged.”
Under Article 571 of the Code of Practice “the right of appeal is given, not only to those who were parties to' the cause in which a judgment has been rendered against them, but also to third persons not parties to such suit, when such third persons allege that they have been aggrieved by the judgment.”
It is well-settled that appellant was not a necessary party, irrespective of divorce, and it is also- settled that where a husband and wife are divorced without a partition or liquidation of the community property it retained a fictitious existence until the creditor was satisfied. This was specifically held in Washington v. Palmer, 213 La. 79, 34 So.2d 382, 383, in which the Court stated:
“The question presented herein is whether, after divorce, a wife is a necessary party to a suit to revive a judgment against the community and to an execution sale of community property under the revival judgment. For the reasons which follow, our conclusion is that the wife is not a necessary party to the revival suit or the execution proceedings.
“An analysis of the jurisprudence establishing the rule that the creditor of a community dissolved by the wife’s death may execute on community property by proceeding against the husband alone shows that the reason for the rule is that the husband is personally liable for community debts while the heirs of the wife are only contingently liable and may relieve themselves from personal liability by renouncing her succession or accepting it with benefit of inventory. Verrier v. Loris, 48 La.Ann. 717, 19 So. 677, and Landreaux v. Louque, 43 La.Ann. 234, 9 So. 32. This same situation obtains in the case of a community dissolved by divorce: the husband is personally liable for community debts, while the wife may renounce the community or accept it under benefit of inventory. Therefore, there is the same reason for the existence of a ‘fictitious community’ after a divorce insofar as a proceeding by a community creditor is concerned. This view is not in conflict with the cases cited in tlhe opinion of the Court of Appeal herein (28 So.2d 509) to the effect that after divorce the wife, as a joint owner, may sue her husband for a partition of the community property without alleging or proving the liquidation of the community. Giglio v. Giglio, 159 La. 46, 105 So. 95; Rhodes v. Rhodes, 190 La. 370, 182 So. 541; In re F. H. Korctke Brass & Mfg. Co. Ltd., 195 La. 415, 196 So. 917; Butler v. Bolinger, 16 La.App. 397, 133 So. 778, 779, 782. It will be noted that there is a parallel line of cases involving the community dissolved by the wife’s death, which relate to the rights of the heirs of the wife, as joint owners of community property with the husband, but do not involve the rights of community creditors. Murphy’s Heirs v. Jurey, 39 La. Ann. 785, 2 So. 575; Glasscock v. Clark, 33 La.Ann. 584; Tugwell v. Tugwell, 32 La.Ann. 848. Likewise, in the aforementioned cases cited by the Court of Appeal concerning the community dissolved by diyo-rce, the rights of community creditors were not involved. Those cases involved the rights of a wife against her divorced husband. In the instant case, the plaintiff is not suing her husband but the purchaser at a judicial sale in execution of a community debt. After divorce, plaintiff did not exert her right against her husband to have the community partitioned or liquidated, but allowed it to- remain as a whole in her husband’s possession. Thus unliqui-dated, it retained a fictitious existence for the purpose of the execution of a community debt, with the husband as the only necessary party to the proceeding.”
Under the allegations of appellant’s petition for appeal she has alleged facts which entitle her to- appeal under Article 571 of the Code of Practice, for if the present judgment were reversed it would place the title of the property back in the name of the divorced husband which would enable the appellant to exercise her community right, subject to the payment of claimant’s claim.
There is no- need to further discuss in detail the other grounds for dismissal as we believe for the reasons given the motion must be overruled.
*695 As to the merits, it is well-settled that one appealing- from a judgment rendered in the suit to which he was not a party must take the record as he finds it and unless it be shown that the judgment is erroneous as between the parties to the suit or that it is the result of fraud and collusion on their part, he cannot complain. Haas v. Haas, 182 La. 337, 162 So. 5; Mutual Life Ins. Co. v. Houchins, 52 La.Ann. 1137, 27 So. 657; Grilling v. Bowmar, 3 Rob. 113, at page 116; Herman v. Smith, 7 Mart., N.S., 676.
Appellant complains that no testimony was offered to sustain plaintiff’s allegation that the note was-lost and never found and that no evidence was offered to show that any search had been made for the lost instrument or that its loss had been advertised as required by the provisions of the Revised 'Civil Code, Art. 2280, which provides that “In every case, where a lost instrument is made the foundation of a suit * * Such proof was not necessary to plaintiff’s cause of action.
Appellant next complains that the sum of $130, being the part of the purchase price which had been paid, should have been returned to the defendant. She concedes that the jurisprudence is to the effect that where the rental value of the property is in excess of the amount that has been paid by the purchaser, no return of the purchase price is necessary in order to dissolve the sale, but contends that this property had no rental value whatsoever, although the proof in the record is to the effect that a fair rental value of this property was $20 per year, and as the property was in the possession of the plaintiff for twelve years, this would amount to $240. There is no proof to the contrary and as plaintiff must accept the record as made up, we find no merit in this contention.
The only other complaint which appellant seems to have as to the merits of this case is that plaintiff made no< proof that there was danger that he might lose the price and the thing itself. See Art. 2562, C. C. It is apparent by the proof in this record that had plaintiff not paid the paving lien and the taxes, he would have lost the property and the unpaid portion of the purchase price.
The judgment of the District Court is affirmed.