SAMUEL, Judge.
This appeal has been taken by an appellant who was not a party to the trial proceeding.
Originally, plaintiff filed suit against the City of New Orleans for injunctive relief to prevent the City from stopping work on a carport being constructed by him on his residence and for a building permit for that construction. After a trial on the merits, there was judgment denying injunctive relief and refusing to compel the City to issue a building permit because the trial judge found the carport was being constructed in excess of height restrictions for accessory buildings under the Building Code of the City of New Orleans.[1] The sole issue before the trial court was the height of the proposed structure.
Neither the plaintiff nor the defendant City appealed. However, an adjacent landowner, not a party to the suit in the district court, by intervention or otherwise, has appealed from that judgment. In the brief filed by appellant in this court she contends only that the trial court erred in finding the height of the proposed structure was 14' 6" rather than 16' V2" and seeks only that “the judgment of the lower court should be amended accordingly.”
We are informed, without denial, that subsequent to rendition of the judgment appealed from, plaintiff met with the director of the Department of Safety and Permits, worked out satisfactory alterations to his building plan, and the City issued a new permit pursuant to which the carport was completed. Accordingly, if that information is correct, the controversy as it existed between the original parties has now been terminated, neither has appealed, and any action by this court on the issue of plaintiff’s right to a building permit for the carport, designed before the change, the basic issue before the trial court, is moot. And we must dismiss this appeal even if that information is not correct.
In this court appellant attempts to raise the issues of her right to privacy, air space and light, which she asserts are violated by the carport. She also attempts to raise the issue of diminished property value. These issues were never before the trial court, no judgment was rendered thereon, and the record is devoid of any evidence even tending to support these contentions.
In Balis v. Mitchell,[2] the court made the following statement:
“. . . it is well-settled that one appealing from a judgment rendered in the suit to which he was not a party must take the record as he finds it and unless it be shown that the judgment is erroneous as between the parties to the suit or that it is the result of fraud and collusion on their part, he cannot complain.”
Here there is no suggestion of fraud or collusion, and whether or not the judgment is erroneous is immaterial insofar as appellant is concerned. In refusing to order is *544 suance of the permit and in refusing to grant injunctive relief, the judgment appealed from gives to appellant all the relief she could possibly obtain in this suit as filed and tried. As so filed and tried, we can give her no additional relief.[3]
Without the issues now raised by appellant (as has been pointed out, we cannot consider those issued on this appeal) there is no controversy for this court to decide. Because there is no valid issue for this court to consider, the appeal must be dismissed.[4]
For the reasons assigned, this appeal is dismissed. All costs in this court are to be paid by the appellant.

APPEAL DISMISSED.

. In violation of Art. 10, § 12, No. 4 of that code, which provides such an accessory building shall not exceed 14' in height.

. La.App., 48 So.2d 691, 695; see also Haas v. Haas, 182 La. 337, 162 So. 5; Mutual Life Ins. Co. v. Houchins, 52 La.Ann. 1137, 27 So. 657.

. See C.C.P. Art. 2082.

. See Upper Audubon Ass’n. v. Audubon Park Com’n., La.App., 329 So.2d 209; Verdum v. Scallon Brothers Contractors, Inc., 263 La. 1073, 270 So.2d 512. We note that while we did deny a prior plaintiff motion to dismiss this appeal, the matter is one which properly addresses itself to a full consideration of the record, including a consideration of the merits.