613 So.2d 1044 (1993)
L.R. BRYANT, et ux., Plaintiffs-Appellants,
v.
HERITAGE LIFE INSURANCE COMPANY, et al., Defendants-Appellees.
No. 92-149.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Donald R. Wilson, Jena, and Leslie R. Leavoy, DeRidder, for plaintiffs/appellants.
Dubuisson & Dubuisson, Edward Dubuisson, Opelousas, for defendant/appelleeHeritage.
Darrel Ryland, Marksville, for defendant/appelleeUnion Bank.
J.B. Treuting, Mary E. Arceneaux, Baton Rouge, amicus curiae.
Before DOMENGEAUX, C.J., and DOUCET and DECUIR, JJ.
DOUCET, Judge.
This matter arises out of the alleged failure of Union Bank (Bank) to acquire adequate credit disability insurance as requested by the plaintiffs.
The facts as alleged in the plaintiffs' petition are as follows:
On June 28, 1983, the plaintiffs, L.R. and Dorothy Bryant, borrowed $80,000.00 from the Bank, securing the loan with a home mortgage. The plaintiffs allege that they advised Janie S. McNeal, an employee acting as agent for the Bank, that they wanted credit disability insurance in an amount sufficient to cover the full amount of the loan should Mr. Bryant become disabled. The plaintiffs allege that the Bank, on their behalf, did obtain policies of credit disability insurance from Heritage Life Insurance Company (Heritage) and Gulfco Life Insurance *1045 Company (Gulfco) with the Bank named as beneficiary under the policies. The plaintiffs allegedly paid $3,000.00 in premiums for the insurance to the Bank.
The Bryants allege that on June 11, 1987, Mr. Bryant was totally and permanently disabled as the result of an on-the-job accident. The Bank was notified of Mr. Bryant's disability. Gulfco and Heritage made the Bryants' loan payments beginning July 11, 1987. In July 1988, Heritage stopped paying benefits. On September 1, 1988, the plaintiffs were informed that the insurance issued by Heritage had expired and that, as a result, Heritage would make no further payments.
On August 7, 1989, the plaintiffs filed this suit against Heritage for payment under the terms of the policy, and against the Bank for breach of contract and breach of fiduciary duty.
Heritage filed a motion for summary judgment which the court denied. The Bank also filed a motion for summary judgment alleging that La.R.S. 6:1121-1124 should be applied to the case and that no issue of fact remained but that no written contract had been entered by the Bank and the plaintiffs. As a result, the Bank argued that they were entitled to summary judgment as a matter of law. The trial court agreed. Judgment was rendered in favor of the Bank, dismissing the plaintiffs' claims at their cost. The plaintiffs appeal.
The plaintiffs argue that they entered an oral contract with the Bank for credit disability insurance. It is plaintiffs' contention that the trial court erred in applying La.R.S. 6:1121-1124 retrospectively to that contract to require a writing.
La.R.S. 6:1121-1123 were added by Act 531 of 1989 and became effective September 3, 1989, as follows:
§ 1121. Definitions
For purposes of this Chapter, the following terms shall have the following meanings:
(1) "Credit agreement" means an agreement to lend or forbear repayment of money or goods or to otherwise extend credit, or make any other financial accommodation.
(2) "Creditor" means a financial institution or any other type of creditor that extends credit or extends a financial accommodation under a credit agreement with a debtor.
(3) "Debtor" means a person or entity that obtains credit or seeks a credit agreement with a creditor or who owes money to a creditor.
(4) "Financial institution" means a bank, savings and loan association, savings banks, or credit union authorized to transact business in this state.
§ 1122. Credit agreements to be in writing
A debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor.
§ 1123. Actions not considered agreements
A. The following actions shall not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of R.S. 6:1122:
(1) The rendering of financial or other advice by a creditor to a debtor.
(2) The consultation by a creditor with a debtor.
(3) The agreement of a creditor to take or not to take certain actions, such as entering into a new credit agreement, forbearing from exercising remedies under a prior credit agreement, or extending installments due under a prior credit agreement.
B. A credit agreement shall not be implied from the relationship, fiduciary, or otherwise, of the creditor and the debtor.
La.R.S. 6:1124 was enacted by Act 581 of 1991, as follows:
No financial institution or officer or employee thereof shall be deemed or implied to be acting as a fiduciary, or have a fiduciary obligation or responsibility to its customers or to third parties other than shareholders of the institution, unless *1046 there is a written agency or trust agreement under which the financial institution specifically agrees to act and perform in the capacity of a fiduciary. The fiduciary responsibility and liability of a financial institution or any officer or employee thereof shall be limited solely to performance under such a contract and shall not extend beyond the scope thereof. Any claim for breach of a fiduciary responsibility of a financial institution or any officer or employee thereof may only be asserted within one year of the first occurrence thereof. This Section is not limited to credit agreements and shall apply to all types of relationships to which a financial institution may be a party.
Act 581 further provided with regard to La.R.S. 6:1124 that:
"This Act is deemed to be clarifying in nature and shall apply to prior and now existing relationships and transactions involving financial institutions."
The plaintiffs argue that, in spite of this language, retrospective application of any of these statutes to their contract with the Bank violates Article 1 Section 23 of the Louisiana Constitution of 1974 in that it would impair contractual rights already vested at the time of the contract.
The Louisiana Supreme Court in Pounds v. Schori, 377 So.2d 1195 (La.1979) states that:
Legislation which affects substantive rights may not be accorded retrospective application unless it contains language expressly indicative of legislative intent to make it retroactive, and then only when constitutional guarantees such as due process, vested rights and the inviolability of contracts will not be adversely affected thereby. Haas v. Haas, 182 La. 337, 162 So. 5 (La.1935); State ex. rel. Tulane Homestead Association v. Montgomery, 185 La. 777, 171 So. 28 (La. 1936); Long v. Northeast Soil Conservation District of La., 226 La. 824, 77 So.[2d] 408 (La.1954).
The court in Trans-Global Alloy v. First Nat. Bank, 583 So.2d 443 (La.1991), further stated that:
This Court has often noted that even procedural and interpretive laws will not be applied retroactively when such application would operate unconstitutionally to disturb vested rights or impair contracts. See, e.g., Lott v. Haley, 370 So.2d 521 (La.1979); Ardoin v. Hartford Accident & Indem. Co., 360 So.2d 1331 (La.1978).
Therefore, even though the legislature in enacting La.R.S. 6:1124 provided for retrospective application, it may only be so applied where it does not conflict with "constitutional guarantees" such as due process, vested rights and inviolability of contracts.
Prior to the enactment of La.R.S. 6:1124, the Louisiana Supreme Court in Trans-Global Alloy, supra, refused to apply La. R.S. 6:1121-1123 retrospectively to a cause of action which arose prior to their enactment saying that:
"* * * LSA-R.S. 6:1121-6:1123 cannot be applied retroactively to divest Trans-Global of any contractual rights it may have had in regard to its agreement with FNBJ."
The plaintiffs and defendants herein allegedly entered into the agreement with regard to credit disability insurance on June 20, 1983. Bryant was disabled on June 11, 1987. Insurance payments stopped in July 1988. As a result, plaintiffs' rights under the alleged agreement would have vested at least one year before any of the provisions of La.R.S. 6:1121-1124 were enacted.
We do not believe that La.R.S. 6:1121-1124 may be applied retrospectively in this case to divest the plaintiffs of any contractual rights they may have had in regard to their agreement with the Bank. Of course, the existence and contents of the alleged oral agreement must be proven by the plaintiffs at trial on the merits.
Defendant further argues that summary judgment is in order because no fiduciary duty may be imposed on a bank by its borrowers except where imposed by law. However, having found a basis for imposition of a duty under a contract, we need *1047 not deal with the question of the existence of a fiduciary duty.
As a result, the defendant, Union Bank, is not entitled to summary judgment as a matter of law. Accordingly, the judgment of the trial court is reversed. The case is remanded to the trial court for further proceedings. Costs of this appeal are to be paid by the defendant, Union Bank.
REVERSED AND REMANDED.