715 So.2d 577 (1998)
Jerry DEVILLE, et al., Plaintiffs-Appellees,
v.
RAPIDES AREA PLANNING COMMISSION, et al., Defendants-Appellees,
Joseph Marien, et al., Appellants.
No. 97-1437.
Court of Appeal of Louisiana, Third Circuit.
June 17, 1998.
*578 Robert Lawrence Beck, Jr., Alexandria, for Jerry Deville et al.
Robert Lewis Bussey, Asst. Dist. Atty., for Rapides Area Planning Com'n, et al.
Charles D. Elliott, Alexandria, for Joseph Marien, et al.
Before YELVERTON, GREMILLION and PICKETT, JJ.
YELVERTON, Judge.
This appeal is from a consent judgment in the captioned lawsuit. The consent judgment was based on an agreement between the plaintiffs, Jerry & Gwen Deville and V & V Properties, Inc., and the defendants, Rapides Area Planning Commission and Rapides Parish Police Jury. The consent was reached at a hearing and became a judgment when it was signed by the district court on June 30, 1997.
The judgment is appealed by persons who were not parties to the consent judgment. The appellants are third parties to the case who made their entry into the record after judgment and then only for the purpose of taking an appeal. Before identifying the appellants and discussing the appeal itself, we will describe the procedural events in the record leading to the consent judgment.

THE RECORD
Jerry and Gwen Deville, and V & V Properties, Inc., filed suit on June 2, 1997, against the Rapides Parish Police Jury and the Rapides Area Planning Commission seeking a "preliminary mandatory injunction" and thereafter, a permanent writ, ordering the defendants to approve the construction of Bayou Rapides Estates or "to refrain from interfering with the construction of the proposed subdivision."
The Devilles and V & V Properties alleged in their petition that as owners and the developer, respectively, they proposed to develop a 49.834 acre tract in Rapides Parish into a subdivision known as Bayou Rapides Estates. The proposed subdivision was allegedly submitted to the planning commission which failed to approve the project plans on March 31, 1997, contrary to the recommendations of its technical staff and despite petitioners' compliance with all requirements of the law. It was further alleged that the proposed project was then submitted to the police jury which rejected the project on April 14, 1997, again contrary to the recommendations of its technical staff and despite petitioners' compliance with all requirements of law. Alleging that no zoning or land use laws were in existence affecting the 49.834 acre tract, and that they had complied with all legal and technical requirements of the parish ordinance governing approval of new subdivisions, the petitioners claimed that the rejection of the subdivision application was an arbitrary, capricious, and illegal act of these public bodies and demanded an injunction.
In response to the suit the planning commission and the police jury filed a motion for summary judgment. Attached to the motion was an affidavit executed by the regional engineer for the Department of Health and Hospitals/Office of Public Health stating that he had custody and control over the records concerning subdivision plans for water line, sewer line, and sewer treatment facilities for new or proposed subdivisions in Rapides Parish. He stated that the plans for Bayou Rapides Estates Subdivision had been submitted to his office for review and approval, but that the plans were still waiting to be reviewed, and no approval had yet been given. His affidavit was dated June 18, 1997. Additionally, there was an affidavit by the executive director and secretary/treasurer of the Rapides Area Planning Commission. The affidavit stated that no documents had been submitted showing approval of the subdivision water line plan or sewage line and treatment plan by the Louisiana Department of Environmental Quality or from the Department of Health and Hospitals/Office of Public Health as required by the Rapides Parish ordinance.
The next event in the record was a hearing which resulted in the consent judgment. At this hearing a certified copy of the minutes of the Rapides Parish Police Jury was filed in evidence reflecting action taken on June 19 *579 and June 20, 1997. The minutes stated that pursuant to notice given on June 19, a special meeting of the police jury was held on June 20 for an executive session to discuss this suit, which was then pending. After the police jury came out of the executive session, it voted to accept the recommendation of its legal counsel that it compromise and settle the suit by granting approval to Bayou Rapides Estates, conditioned upon the developers securing a permit from the Louisiana Office of Public Health in accordance with Chapter 22 of the Rapides Parish Code of Ordinances. Its legal counsel was authorized to include in the negotiation of the compromise settlement attorney's fees and engineer's fees. Legal counsel was given a negotiating limit of $5,652 on fees.
The consent judgment was signed by the district judge on June 30, 1997, the date of the hearing, and it decreed that:
[A] permanent writ of injunction issue herein in favor of plaintiff, JERRY DEVILLE, GWEN DEVILLE, and V & V PROPERTIES, INC., ordering defendants, RAPIDES AREA PLANNING COMMISSION and RAPIDES PARISH POLICE JURY, to approve the application for subdivision with respect to Bayou Rapides Estates conditioned upon plaintiffs securing a permit from the Louisiana Office of Public Health in accordance with Chapter 22 of the Rapides Parish Code of Ordinances.
This is the judgment on appeal.

THE APPELLANTS AND THIS APPEAL
On August 19, 1997, eight individuals describing themselves as adjacent landowners or farmers filed a petition for appeal of the consent judgment. These individuals were Joseph Marien, Jack Marien, Dr. Gifford Hargis, Ralph Verzwyvelt, Lloyd Jordan, Glenda Jordan, Isaac Jordan, and Eva Jordan Wilson. This was their first appearance in the suit. The trial court granted them a devolutive appeal.
In their petition for appeal the appellants stated that they had been actively opposing the approval of the subdivision development. They exercised their right to appeal the consent judgment as parties who could have intervened in the trial court, even though no other appeal had been taken by any of the parties to the judgment. La.Code Civ.P. art. 2086. Whether or not they have a right to appeal the consent judgment depends on whether they could have intervened in the trial court.
Article 1091 of the Louisiana Code of Civil Procedure states the rule as to when a third person may intervene in a pending action:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff's demand; or
(3) Opposing both plaintiff and defendant.
Official Revision Comment (c) states that the "workable formula" set out in this article is that "a third person having a justiciable right related to or connected with the object of the principal suit may enforce that right through intervention." What constitutes a justiciable right has been set forth in Amoco Prod. Co. v. Columbia Gas Trans. Corp., 455 So.2d 1260, 1264 (La.App. 4 Cir.), writ denied, 459 So.2d 542 and 543 (La.1984) (footnote omitted), as follows:
We are of the opinion that a "justiciable right" as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a direct impact on the intervenor's rights. This connexity requirement is essential.
See also Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350 (La. App. 3 Cir.1968).
*580 In articles three and four of their petition for appeal, these adjacent landowners or farmers recited the reasons why they could have intervened in the trial court, and we quote from their petition as follows:
3.
Petitioners could have intervened in the trial court, as they own or farm land adjacent to, or in the area of, the proposed Bayou Rapides Estates subdivision which forms the basis of this suit, and have actively opposed the approval of the subdivision development before the Rapides Parish Area Planning Commission and before the Rapides Parish Police Jury, and their rights are directly and severely affected by the Judgment.
4.
Petitioners have a direct interest in the outcome of this action, whether as adjacent landowners or farmers, or otherwise, because of drainage problems which will be created by the subdivision development, by the sewage disposal from the proposed subdivision, by problems inherent in the application of chemicals to the crops immediately adjacent to the proposed subdivision, and for numerous other reasons.
There are legal servitudes called obligations of vicinage imposed by La.Civ.Code arts. 667 and 668 on the owner of property. Article 667 provides that although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. Article 668 provides that although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet everyone has the liberty of doing on his own ground whatever he pleases, although it should occasion some inconvenience to his neighbor. These obligations of vicinage embody a balancing of rights and obligations associated with the ownership of immovables. As a general rule, the landowner is free to exercise his rights of ownership in any manner he sees fit. He may even use his property in ways which occasion some inconvenience to his neighbor. However, his extensive rights do not allow him to do "real damage" to his neighbor. Rodrigue v. Copeland, 475 So.2d 1071 (La. 1985), writ granted and transferred, 479 So.2d 356 (La.1985); cert. denied, 475 U.S. 1046, 106 S.Ct. 1262, 89 L.Ed.2d 572 (1986); Barras v. Hebert, 602 So.2d 186 (La.App. 3 Cir.), writ denied, 605 So.2d 1367 (La.1992).
We are of the opinion that, based upon the reasons given in their petition for an appeal and on the obligations of vicinage, the appellants could have intervened on the defendants' side to resist the suit of the Devilles and V & V Properties. Therefore, their right to appeal was properly recognized and this court will review the judgment for them.
However, our review is necessarily limited to the record before us. We apply the rule as stated in Official Revision Comment (c) to Article 2086, citing Balis v. Mitchell, 48 So.2d 691 (La.App. 1 Cir.1950), that "[w]hen a third person appeals, he takes the record as he finds it, and must show either that the judgment appealed from is erroneous or that it was the result of fraud and collusion between the original parties." Also see Carimi v. Director, Dept. of Safety, Etc., 384 So.2d 542 (La.App. 4 Cir.1980).
The appellants do not allege fraud or collusion. They claim on this appeal that the trial court erred as a matter of law in signing the consent judgment for several reasons. They contend that the consent judgment was invalid for three reasons: that (1) it was a moot order, (2) all of the evidence in the record supported refusal of the judgment, and (3) there is no evidence that the Devilles were entitled to judgment in their favor. They also claim that (4) the trial court erred in granting a permanent injunction or order of mandamus against a political subdivision when the Devilles were not entitled to such order as a matter of law. Finally, the appellants claim that (5) the assistant district attorney had no authority to "lose" the Deville suit on behalf of the police jury. We will address these contentions.

Consent Judgment
A consent judgment is a bilateral contract in which parties adjust their differences by mutual consent and thereby put an end to *581 a lawsuit with each party balancing hope of gain against fear of loss. La.Civ.Code art. 3071; Plaquemines Parish Government v. Getty Oil Co., 95-2452 (La.5/21/96); 673 So.2d 1002. "A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law." Id. at 1006.
The appellants first argue that the judgment was in error because the police jury had already voted at the June 20, 1997 meeting to contingently approve the subdivision. The surrounding landowners claim that when the court, ten days later, ordered the planning commission and police jury to contingently approve the subdivision, the issue was already moot and the judgment should never have been signed. We disagree with the appellants' interpretation of the action taken at the June 20 meeting. According to the official police jury minutes in the record, the June 20 action was not to contingently approve the subdivision, but rather to authorize its counsel to compromise the lawsuit and enter into a consent judgment ordering contingent approval of the subdivision. The lawsuit could not be compromised without the agreement of the plaintiffs and the consent judgment could not be executed without the approval and signature of the judge. The forum, or place where its business as to this subject matter would thence be conducted, had been moved from the police jury meeting room to the courtroom.
Although it has the same binding force, a consent judgment is not one rendered by a trial court as a result of a trial on the merits. A consent judgment has binding force from the presumed voluntary acquiescence of the parties and not from adjudication by the trial court. Martin Forest Products v. Grantadams, 616 So.2d 251 (La.App. 2 Cir.), writ denied, 619 So.2d 580 (La.1993). It is simply a judgment which recognizes that the parties have entered into an agreement which will end the dispute in the lawsuit and authorize its dismissal. It has attributes both of contracts and of judicial decree. Therefore, by its very nature, the consent judgment in this case meant that the police jury agreed to the contingent approval of the subdivision as part of a package to terminate the lawsuit. It was not error for the trial court to sign this judgment.
The appellants also argue that there was no evidence in the record to support the judgment. They argue that the evidence in the record, the affidavits showing absence of public health approval, establishes that the subdivision plan was actually noncompliant.
This argument again fails to take into account that this was a consent judgment, not a judgment rendered upon a trial on the merits. All that is needed is a mutual agreement by the parties to adjust their differences by mutual consent to end a lawsuit. La.Civ.Code art. 3071. The contract must either be reduced to writing or recited in open court, and it must be capable of being transcribed from the record of the proceeding. Id. All requisites for a consent judgment were met in this case. The contract was both written and recited in open court. It was not necessary for the trial court to consider any evidence in the record. The judgment was based on an agreement of the parties.
The surrounding landowners also assert that the consent judgment was in error because the Devilles failed to show any entitlement to judgment in their favor. They claim that the Devilles could have been successful in their suit against the police jury only if the April 14, 1997 vote by the police jury, against approval, was arbitrary and capricious, and that there was no evidence that the April 14 vote was arbitrary and capricious.
This is the same argument in different words and it has no basis either in this record or in the law. The record does not show who might have won. The Devilles did not have to show that they would be entitled to judgment in order to enter into a consent judgment with the planning commission and police jury. A consent judgment eliminates the need for a trial on the merits. All that was needed for a consent judgment was an agreement between all of the parties in the lawsuit. None of the parties dispute that they agreed to the signed consent judgment. The surrounding landowners may be dissatisfied with the judgment and would not have *582 agreed to it, but they were not parties to the lawsuit when the judgment was confected by consent of the parties and signed by the court. The record-when the surrounding landowners "found it"-already included the consent judgment.

Injunction
The consent judgment granted a permanent writ of injunction in favor of the Devilles and V & V Properties ordering the police jury and planning commission to approve the subdivision conditioned upon the proponents of the subdivision securing a permit from the Louisiana Office of Public Health. The surrounding landowners claim that the trial court really issued a writ of mandamus as this is what the court said at the hearing. They claim that the Devilles were not entitled to a mandamus because they did not prove that the actions of the police jury and planning commission were arbitrary and capricious.
As stated before, the plaintiffs were not required to prove anything in order to have the consent judgment signed. All that was required was the consent of both parties. Once both parties reached an agreement, it was no longer necessary to prove anything.

Authority of District Attorney
The surrounding landowners claim that the police jury did not give the district attorney the authority to "lose" the case. They also make arguments in brief concerning the Open Meetings Law. However, there is no evidence in the present record that the meeting held by the police jury on June 20, 1997, was improper. Also, the district attorney settled the case with the Devilles and V & V Properties on the basis of exact authority given to him: the subdivision would be approved only if the proponents of the subdivision secured a permit from the Louisiana Office of Public Health. The police jury's regular attorney and counsel at the police jury meetings and in this lawsuit was the office of the district attorney of Rapides Parish, pursuant to the district attorney's duty under La.R.S. 16:2(A). The district attorney's assistant was present at the June 20 police jury meeting, both in and out of executive session, and was also present, of course, at the hearing in this case when the consent judgment was agreed upon, advising the police jury as was his statutory duty and carrying out instructions based on that advice.
There is no evidence in the record that the judgment appealed from is erroneous. As stated earlier, no claim is asserted that the judgment was obtained by means of fraud or collusion. Therefore, the consent judgment is affirmed.
All costs of this appeal are assessed to appellants.
AFFIRMED.