11YELVERTON, Judge.
This is an appeal from a judgment in two consolidated lawsuits brought by a group of farmers and owners of farmland (we will call them the surrounding landowners)[1] in rural Rapides Parish to stop the police jury of that parish from granting approval for a planned subdivision development adjacent to their property. Named defendants were the Rap-ides Parish Police Jury, which is the governing body of |2Rapides Parish; Jerry and Gwen Deville, who are the owners of a 49.834 acre tract which they want to subdivide into Bayou Rapides Estates; and V & V Properties, the developers of the project. The trial judge granted a summary judgment in favor of the defendants dismissing both suits. We affirm. Our reasons for judgment in both appeals follow. We will hand down a separate judgment in Joseph Marien, et al. v. Rapides Parish Police Jury, et al., 98-78 (La.App. 3 Cir. 6/17/98); 717 So.2d 1194.
Today, in still another action pertaining to police jury approval of this proposed subdivision, we decided an appeal by these same surrounding landowners and affirmed a consent judgment that terminated a suit that had been brought by the Devilles and V & V Properties to compel the police jury to grant approval of the subdivision plans. Jerry Deville, et al., v. Rapides Parish Planning Commission, et al., 97-1437 (La.App. 3 Cir. 6/17/98); 715 So.2d 577. That action was filed before these two consolidated suits; it went to judgment first and was appealed first. The consent judgment that we affirmed in that case ordered the police jury to grant approval for the subdivision conditioned upon plaintiffs securing a public health permit.
So, in the present opinion we will be discussing three lawsuits now winding down apace. The first was brought by those who want the subdivision; the second and third *1189 (these consolidated) were filed by those who are against the subdivision. In all three the battle is over police jury approval and, particularly, the validity of action taken at meetings of the police jury on June 20, 1997, and July 1, 1997, which led to the consent judgment in the first suit.
| ^HISTORY OF THE LITIGATION
Police juries in this state, through parish planning commissions appointed for that purpose, have the authority to adopt regulations governing the subdivision of land within unincorporated territory within their jurisdictions for purposes other than agricultural. La.R.S. 33:112. Pursuant to this authority, the Rapides Parish Police Jury enacted an ordinance that became Chapter 22 of the Rapides Parish Code of Ordinances, which established regulations for subdivision development, and procedures and requirements for obtaining approval of preliminary and final plans and plats of subdivisions.
In the spring of 1997 the Devilles and their developer in compliance with the ordinance presented plans to the Rapides Parish Planning Commission for approval of Bayou Rap-ides Estates. The 49.834 acres to be developed lay in an unzoned, unincorporated area. The ordinance had public notice and hearing requirements, the traditional and constitutional purpose of which are to allow interested persons, such as neighbors, the right to notice and the opportunity to be heard concerning the proposed land use. The notice and opportunity-for-hearing requirements were properly observed, and the surrounding landowners went to the meetings and voiced their opposition to the subdivision. Their opposition was for several reasons. Primarily, they were fearful that the presence of a subdivision would hinder aerial crop applications on their farms. Another fear was the effect on drainage of their lands. The planning commission and police jury listened to their concerns. In April the plats and plans of the Devilles and their developer were rejected.
|4It was after this rejection that the De-villes and V & V Properties filed their suit (the first suit filed) to compel the Police Jury to grant approval. According to the record in the consolidated suits now before us, the numerous regulations of the ordinance had been complied with by the plats and plans submitted except for one, a permit from the Louisiana Office of Public Health, and the meeting of that requirement was in the hands of the public health officials and out of the hands of the police jury or other parish authorities under the control of the police jury. The police jury in that first suit moved for summary judgment on the ground that it could not approve the project until all the requirements were met and that the requirement of a public health permit had not been met. The motion for summary judgment was never tried because the case was settled and a consent judgment was decreed. On the advice of its counsel at a special meeting called for the purpose of discussing the lawsuit, the police jury voted to arm its counsel with settlement authority including a consent judgment to order the jury to grant approval conditioned on obtaining the public health permit.
The consent judgment was signed on June 30, 1997. Subsequently, the surrounding landowners moved to appeal that judgment on the ground that, while they had not been parties in the suit at any time, they could have intervened at any time, and, therefore, they had the right to appeal. The trial judge granted them a devolutive appeal. For reasons explained in our opinion in that appeal, we agreed that they had the right to appeal. However, they “took the case as they found it.” Our consideration of that appeal was necessarily confined to that record. There was nothing wrong with the proceedings as revealed in that record, and we affirmed the judgment. We are now at the stage of deciding the appeals in the other two suits.
JbTHE present consolidated ACTIONS
In appeal # 98-77 the surrounding landowners sued the police jury for a declaratory judgment. The petition recited numerous allegations regarding claimed defects in the proceedings of the public bodies leading up to the consent judgment. The general prayer for relief asked that the purported conditional approval of the Bayou Rapides Estates Subdivision by the police jury on June 20, 1997, and on July 1, 1997, be declared im *1190 proper and illegal, and that the approval by the police jury be rescinded. The specific itemized prayers for relief that we will address in this opinion are quoted here:
1) For a judgment declaring the actions of the Rapides Parish Police Jury regarding the Deville Property and the Deville Suit on June 20, 1997 and on July 1, 1997 null and void;
[[Image here]]
3) That the contingent approval of the Bayou Rapides Estates subdivision be rescinded, as improper, premature, and illegal;
4) That any purported waiver of Rapides Parish Ordinance 22-100 by the Police Jury in this matter be declared void;
By a supplemental petition, the plaintiffs added the allegation that the police jury was arbitrary and capricious and abused its discretion in approving the subdivision, and they also added the Devilles and V & V Properties, as defendants.
In appeal #98-78, the same surrounding landowners on the same day, but in a separate action, had sued the Rapides Parish Police Jury for a mandamus, injunctive relief, and attorney’s fees. By a supplemental petition they added the Devilles and V & V Properties, as defendants. All of the essential allegations of fact ^contained in that petition recited the same alleged procedural defects in meetings, but in this action it was specifically alleged that there had been a violation of the Open Meetings Law in the meetings related to the consent judgment. They alleged that their standing to bring “this enforcement proceeding” was based on La.R.S. 42:10 of the Open Meetings Law. The specific prayer for relief in this suit, tracking the forms of relief authorized by La.R.S. 42:11 of the Open Meetings Law, were four in number, and are summarized as follows:
1. A judgment declaring the actions of the police jury on June 20, 1997, null and void;
2. A preliminary injunction from enforcing, acting, or doing any act in support or furtherance of any action taken by the police jury on June 20, 1997 regarding the Deville property or the Deville suit, including any purported ratification or adoption of such actions at a later meeting;
3. A preliminary injunction enjoining, restraining, and preventing the Rapides Parish Police Jury from enforcing, acting, or doing any act in support or furtherance of any action taken by the police jury on July 1, 1997 regarding the Deville suit or the Bayou Rapides Estates Subdivision, including any purported ratification or adoption of such actions at a later meeting;
4. That the police jury be ordered to pay their counsel’s attorney’s fees and costs in bringing this litigation.
Both sides in both actions filed motions for summary judgment, and the defendants filed an exception of lis pendens. The lis pendens argument was that the current suits should be dismissed because the first suit pending seeking the same object was the Deville suit that was then on appeal.
These two cases were consolidated for trial and one judgment was rendered. The petitioners’ motion for summary judgment was denied, the defendants’ ^motions for summary judgment and their exception of lis pendens were both granted, and the eases were dismissed.
ACTION OF NULLITY
We interpret these consolidated suits as actions of nullity of the consent judgment. As can be seen from the above quotations from the prayers for relief, the pleadings in the two petitions fall short of asking for the nullification of the consent judgment, limiting their demands to the nullification of police jury actions leading to the consent judgment. But a judgment limited to those demands would give petitioners no relief. We would be deciding an abstract, hypothetical, or moot controversy, and rendering a mere advisory opinion, which we cannot do. La. Associated Gen. Contractors v. State, 95-2105 (La.3/8/96); 669 So.2d 1185. The only way that the petitioners can get relief from the consent judgment is to nullify it.
The police jury and the Devilles raised the objection of lis pendens, claiming that the consent judgment, which was appealed by the surrounding landowners as persons who could have intervened in that suit, made the two consolidated cases before *1191 us subject to that exception. The trial judge agreed. That was error. The lis pendens exception should have been denied. The petitioners had the right to bring the actions seeking nullification of the consent judgment. The surrounding landowners had the right to pursue these actions of nullity and at the same time pursue the appeal of the judgment. Roach v. Pearl, 95-1573 (La.App. 1 Cir. 5/10/96); 673 So.2d 691.
| sTheir “justiciable right” to have intervened in the first suit that led to the consent judgment, i.e., the obligations of vicinage imposed by La.Civ.Code arts. 667 and 668, similarly supports their right to assert these actions of nullity. When there has been an appeal of a judgment, as here, La.Code Civ.P. art.2005 establishes the grounds available to a litigant in a separate suit for nullity. It provides that a judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court, and that an action of nullity does not affect the right to appeal. Meldean’s, Inc. v. Rivers, 410 So.2d 837 (La. App. 3 Cir.), writ denied, 414 So.2d 376 (La.1982). The grounds for nullity relied upon now did not appear in the previous record of appeal. The July 1, 1997 meeting occurred after the consent judgment was handed down.
Moreover, although the petitioners did not allege La.Code Civ.P. art.2004 fraud or ill practices in the procurement of the consent judgment, they alleged that the police jury meeting resulted in “drastic and radical action”; they called the meeting of June 20 “illegal”; they described the July 1 meeting as a “sham”; and they further pleaded that this conduct of the jury was arbitrary and capricious-all to their detriment.
La.Code Civ.P. art.2004 “is not limited to eases of actual fraud or wrongdoing, but is sufficiently broad enough to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.” Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983).
Russell v. Illinois Cent. Gulf R. Co., 96-2649, p. 2 (La.1/10/97); 686 So.2d 817, 819.
|9Finally, the surrounding landowners have alleged a violation of the Open Meetings Law and characterized their demand as an enforcement action under La.R.S. 42:10. This is an independent ground for the action of nullity.
Accordingly, to give the petitioners their day in court we interpret these actions as actions of nullity under La.Code Civ.P. art. 2004 and La.R.S. 42:9. The nullification of the consent judgment would give the petitioners additional time to oppose approval by requiring the Devilles to again pursue the approval process.
SUMMARY JUDGMENT
The surrounding landowners claim it was error for the trial court to grant the police jury’s motion for summary judgment. The surrounding landowners claim that the trial court should have granted their own motion for summary judgment and denied the police jury’s motion.
Appellate courts review summary judgments de novo under the same criteria which govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs, 591 So.2d 342 (La.1991). Article 966 of the Louisiana Code of Civil Procedure provides that a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. The burden of proof is on the mover to show that no material issues of fact exist, and the mover must present supportive evidence that the motion for summary judgment is warranted. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41. The burden shifts to the non-moving party once the mover has made a prima facie showing that the motion should be granted. Id.
A vast body of summary judgment evidence was filed by both sides in support of their motions. These filings include police *1192 jury records of its meetings and notices of meetings.
The surrounding landowners claim that the June 20 meeting violated the Open Meetings Law because the June 19 notice did not indicate that the police jury would take up the issue of the approval of the Bayou Rap-ides Estates subdivision. The written notice for the June 20 meeting, dated June 19, stated that the meeting concerning the subdivision was for the following purpose: “1. Motion to go into Executive Session to discuss pending litigation of Jerry Deville, et al vs. Rapides Area Planning Commission, et al, Civil Suit No. 188,222 9th JDC.”
La.R.S. 42:7(A)(l)(b)(i — iii) of the Open Meetings Law provides:
(b)(i) All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting.
(ii) Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda.
(iii) Following the above information there shall also be attached to the written public notice of the meeting, whether or not such matters will be discussed in an executive session held pursuant to R.S. 42:6.1(A)(2):
(aa) A statement identifying the court, ease number, and the parties relative to any pending litigation to be considered at the meeting.
| n(bb) A statement identifying the parties involved and reasonably identifying the subject matter of any prospective litigation for which formal written demand had been made that is to be considered at the meeting.
The police jury argues that even if the June 20 meeting was held in violation of the Open Meetings Law, it later ratified its prior actions in an open meeting on July 1 that was properly called. In response the surrounding landowners argue that the damage had been done and could not be ratified at a subsequent meeting because court action occurred prior to the July 1 meeting.
Our study of the evidence does not reveal a violation of the Open Meetings Law in the notice itself. That notice conformed exactly to the requirements of La.R.S. 42:7(A)(l)(b)(in)(aa). Also, we disagree with appellants that the June 19 notice should have indicated that the police jury was going to take up approval of the subdivision. That was not on the agenda. What was on the agenda was pending litigation.
The notice of the meeting was in violation of the Open Meetings Law, however, because the 24r-hour minimum time delay between written public notice and the meeting itself was not observed. The special meeting was scheduled for 2:00 o’clock in the afternoon on June 20. The police jury records show that written public notices were dispatched after 2:00 o’clock on June 19.
The ratification action on July 1 cured that problem. In Wagner v. Beauregard Parish Police Jury, 525 So.2d 166 (La.App. 3 Cir. 1988), we held that a police jury was authorized to reconsider at a later meeting a matter improperly handled at an earlier meeting and either ratify or rescind the action previously taken. We agreed with and cited Delta Development v. Plaquemines Parish, 451 So.2d 134 (La.App. 4 Cir.), unit denied, 456 So.2d 172 (La.1984), which held that an action taken by a public body without compliance with the Open Meetings Law was not an absolute nullity and could be cured.
The appellants complain that the decisions at the June 20 and July 1 meetings to approve the subdivision violated procedural and jurisdictional requirements of the parish ordinance in several ways. For example, they argue that the police jury cannot approve a subdivision plat without prior approval of the planning commission. Under § 22.105 of the ordinance, the police jury has final authority as to such approval, so that argument is incorrect. However, even if it was correct, the planning commission was a party to the first suit and it was a party to the consent judgment. The fundamental flaw in these arguments, however, is that the decisions on those two days were not to *1193 approve the subdivision; rather, the decision was to settle a lawsuit under the guidance and advice of their statutory counsel. Had the police jury unconditionally granted the approval by an absolute capitulation, and given in to all of the demands of the plaintiffs in the Deville suit, that might have been construed as unilateral action on its part to grant approval of the subdivision. The police jury did not do that. The police jury voted at both meetings to settle the lawsuit by compromise. It recognized that, because of the lawsuit, the forum for its actions as to this subject matter had been moved from the police jury meeting room to the courtroom. The district attorney’s office was its statutory counsel by virtue of La.R.S. 16:2. The district attorney had the obligation to give it legal advice with regard to the lawsuit, and the police jury had an obligation to at least listen to that legal h3advice. The record reveals that its decision on both occasions was based upon the advice of its counsel.
The police jury’s effort to validate its June 20 action can hardly be called arbitrary and capricious. The record reveals that of the many requirements under its ordinance for subdivision approval, all had been met as to this application with the single exception of the public health permit. The responsible police jury employees had studied the plans and the plat of the subdivision and found everything in order except for the public health permit, which was out of the hands of both the planning commission and the police jury. Its consent to a judgment granting approval conditioned upon the receipt of the only remaining necessary permit was therefore a decision in full compliance with the existing facts. But for the complaints of the surrounding landowners, approval would apparently have been routine. The police jury was justified in withholding approval pending the public health permit but may not have been justified in withholding approval on account of the opposition, considering the evidence in the record that the plans and plat had been modified to address the concerns of the opposition. Tioga/Triple R Corp. P. v. Rapides A.P. Com’n, 462 So.2d 1362 (La. App. 3 Cir.1985). There was some exposure, therefore, to a possible finding that the police jury was being arbitrary and capricious in withholding their approval. The settlement and compromise eliminated that risk.
Moreover, there is not a great deal of difference between action which results in withholding approval because a required permit has not been received and action that results in granting approval on the condition that the required permit be obtained. What the police jury did was settle a lawsuit in the form of a consent | ^judgment ordering contingent approval, contingent on the public health permit, which was hardly different from its previously announced litigious position, as manifested in its own motion for summary judgment in the first suit, that its reasons for previously denying approval was the missing health permit.
Finally, the surrounding landowners complain that the July 1 vote of the police jury to validate its June 20 action was taken under compulsion of legal advice that they interpreted to mean they had to vote that way. The trial judge in his reasons for judgment addressed that complaint in these words:
The July 1, 1997 meeting of the Police Jury is valid. It is valid even if the vote in that meeting was dictated by legal advice given to the individual members or the entire Police Jury. There should be no error where the members of a public body are attempting to follow the law.
We agree. The latter vote was consistent with the earlier vote, and it was based on the same facts and considerations and on the same legal advice.
For the foregoing reasons, we find that the Rapides Parish Police Jury was entitled to judgment, as a matter of law, dismissing these actions of nullity of the consent judgment. The judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.

. Joseph Marien, Jack Marien, Dr. Gifford Har-gis, Ralph Verzwyvelt, Lloyd Jordan, Glenda Jordan, Isaac Jordan, and Eva Jordan Wilson