NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-1259


BERYL FITZGERALD

VERSUS

DANNY R. FITZGERALD


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-1364
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

AFFIRMED.


C. Jerome D'Aquila
P.O. Box 866
New Roads, LA 70760
(225) 638-9083
Counsel for Defendant/Appellant:
Danny R. Fitzgerald

**Cory Paul Roy**
**P. O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**Counsel for Plaintiff/Appellee:**
**Beryl Fitzgerald**

**EZELL, JUDGE**.

Danny Fitzgerald appeals a judgment finding that he is responsible for the payment of his ex-wife Beryl Fitzgerald's COBRA premiums until the COBRA period is exhausted. The trial court's decision was based on a consent judgment that had been entered on May 29, 2008, following the couple's divorce in April 2008.

## FACTS

Beryl and Danny were married on November 15, 1980. They were granted a judgment of divorce on April 2, 2008. On December 1, 2008, Beryl filed a rule to make past due health insurance payments executory, contempt of court, and attorney fees.

Beryl relied on a consent judgment signed by the trial court on May 29, 2008. The pertinent part of the consent judgment provided: "**THAT DANNY R. FITZGERALD** shall maintain and elects to continue coverage on **BERYL FITZGERALD** on the policy through Group Benefits that he maintains through his employer for as long as his employer will allow him to do so and will continue coverage at his own expense."

At a hearing on May 29, 2009, the court considered the matter submitted and gave the parties briefing deadlines on the issue. The trial court found that Danny was responsible for continuing to keep Beryl on a COBRA policy at work and was also responsible for paying the premiums. Although Danny had not been paying the premiums, the trial court found that Danny was not in contempt of the court judgment. Danny appeals the finding that he is responsible for payment of Beryl's health insurance premiums.

1

## APPELLATE RECORD

Danny argues that the consent judgment does not show the true intent of the parties which was that Danny was only required to maintain health insurance on Beryl on his current policy. Danny relies on a transcript of the proceedings regarding such stipulation. However, the transcript is not included in the record before the court.

Pursuant to La.Code Civ.P. art. 2164, an appellate court renders judgment based on the record on appeal. Evidence that is not part of the record on appeal cannot be considered. *Chavers v. Bright Truck Leasing*, 06-1011 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141. Appellate briefs are not part of the record, and the appellate court has no authority to consider facts referred to in the briefs if those facts are not part of the appellate record. *Id*.

We cannot consider any evidence concerning a transcript that is not part of the record. Therefore, our review of the trial court's judgment will be limited to the record on appeal.

## CONSENT JUDGMENT

A consent judgment is a bilateral contract in which parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing hope of gain against fear of loss. La.Civ.Code art. 3071; *Plaquemines Parish Government v. Getty Oil Co.*, 95-2452 (La.5/21/96); 673 So.2d 1002. "A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law." *Id*. at 1006.

. . . .

Although it has the same binding force, a consent judgment is not one rendered by a trial court as a result of a trial on the merits. A consent judgment has binding force from the presumed voluntary acquiescence of the parties and not from adjudication by the trial court. *Martin Forest Products v. Grantadams*, 616 So.2d 251 (La.App. 2 Cir.), *writ denied*, 619 So.2d 580 (La.1993). It is simply a judgment which recognizes that the parties have entered into an agreement which will end the dispute in the lawsuit and authorize its dismissal.

2

*Deville v. Rapides Area Planning Com'n*, 97-1437, p. 9 (La.App. 3 Cir. 6/17/98), 715 So.2d 577, 580-81, *writ denied*, 98-1943 (La. 10/30/98), 727 So.2d 1167; *Peeler v. Dural*, 06-936 (La.App. 5 Cir. 4/11/07), 958 So.2d 31.

Where factual findings are essential in the interpretation of a contract, those factual findings are not to be disturbed on appeal unless there is manifest error. *Rogers v. Restructure Petroleum Marketing Servs.*, 01-1396 (La.App. 3 Cir. 3/6/02), 811 So.2d 1154. However, if appellate review pertaining to the interpretation of a contract is not premised upon any factual findings made at the trial level, but is, instead, based upon an independent review and examination of the contract on its face, the manifest error rule does not apply. *Id*. In those cases, appellate review of questions of law is simply whether the trial court was legally correct or legally incorrect. *Id*.

The parties were divorced on April 15, 2008. The parties reached their agreement on April 21, 2008, and the consent judgment was entered on May 29, 2008. Danny argues that the intent was to keep Beryl on his policy as long as he could. As testified to by Diane H. Turcotte, director of Enrollment and Eligibility Department with the Office of Group Benefits, an ex-spouse is not allowed to be maintained on the current policy but instead would have continuing coverage under a COBRA policy issued through the Office of Group Benefits. Therefore, since the divorce Danny was not allowed to continue Beryl on his current policy. Instead a COBRA policy had to be issued. He argues that since this was a new policy, the consent judgment does not provide for her continued coverage.

Clearly, the employer has allowed Danny to continue coverage on a policy through Group Benefits as required by the consent judgment. Although it is a different policy, it is still a policy issued through Group Benefits as a result of Beryl's

3

relationship to Danny. We agree with the trial court that the intent of the parties was for Beryl to have insurance coverage past the divorce or there would have been no purpose behind the consent judgment to continue health insurance coverage. The agreement was entered into a mere six days after the divorce was finalized. According to the plan documents, Beryl could not be covered on the same policy following divorce. Therefore, at the time Beryl and Danny entered into the agreement, a COBRA policy would already have to be issued. The language of the consent judgment is also clear that coverage was to be continued at Danny's expense. We find no error in the trial court's judgment that Danny is responsible for the payment of Beryl's health insurance premiums through the COBRA policy at his expense.

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Danny Fitzgerald.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.